[L. A. No. 4546. Department One.—November 19, 1918.]

## MARGARETT R. ROSE, Appellant, v. C. F. DE WITT et al., Respondents.

BUILDING RESTRICTIONS — ACTION FOR VIOLATION — DAMAGES — DISCRETION.—In an action by a property owner for damages for alleged violation of building restrictions in a residential tract of land, statements of the trial court made during the progress of the case indicating that he considered the amount of actual damage to plaintiff's property to be much larger than that which he finally awarded to her are of little or no value on appeal in determining whether the court's final conclusion as embodied in its findings and judg-

ment is correct; and where the evidence in the case was such that the court might have found that plaintiff had suffered either no damage whatever or the amount claimed, the discretion of the trial court in determining the actual damage will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Shepard & Alm, for Appellant.

Edwin A. Meserve, and Shirley E. Meserve, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff, but for an amount less than that to which she deemed herself entitled. The plaintiff was the owner of lot 12, block "D" of the Harvard Heights Tract in the city of Los Angeles, upon which was a residence which she occupied as her home. The defendant was the owner of lots 13 and 14 in the same tract, which immediately adjoined the said property of the plaintiff. There were certain building restrictions imposed upon the erection of structures in the tract which forbade the erection upon any of the lots within it of any structures other than first-class private residences of at least two stories in height, and which also provided that such residences should be located not less than twenty feet from the property line along the street. About two months before the commencement of this action the defendants commenced the erection of a flat building upon their said lots in alleged violation of these building restrictions as to the height and quality of the buildings, whereupon the plaintiff commenced this action, in which, in her original complaint, she sought to enjoin the further prosecution of work upon said building. She presently, however, filed an amended complaint changing the nature of her action to one for damages for the alleged depreciation in value of her own property by reason of the erection of the defendants' said structure in violation of said building restriction, fixing her damage thereby at the sum of one thousand dollars. The defendants, having by their answer already denied all of the averments of the

plaintiff's original complaint, it was stipulated that their said answer should stand as a denial of the averments of her amended complaint. In their said answer, in addition to its denials, the defendants set up affirmatively that the plaintiff had herself violated the said building restrictions in respect to the distance which her own structure stood with relation to the property line; and they further averred that for a long time prior to the commencement of actual work in the construction of their said building the plaintiff had known what its character and outlines were to be and had made no objection thereto, but, on the contrary, had by her acts and conduct led said defendants to believe that no objection would be made by her to said structure, and that, having stood by and seen the said defendants prepare for and begin the erection of their said building without objection, she was estopped to claim that it was in violation of said building restrictions or that she or her property would be in any way injured or damaged thereby. The cause proceeded to trial upon the issues thus framed. Upon the question of the damage to the plaintiff's property the plaintiff and her witnesses testified that it would be damaged in the amount claimed. On the other hand, the defendants and their witnesses testified that no damage had been or would be sustained by plaintiff through the erection of the defendants' structure. The fact that said structure was in some respects in violation of the aforesaid building restrictions seems to have been established, but there was also some quite direct evidence that the plaintiff's building was, as to its distance from the property line, in violation of said restrictions. At the conclusion of the trial the trial judge made some remarks upon the state of the evidence as to these several matters, but later filed his findings and decision, in which he awarded the plaintiff damages in the sum of two hundred dollars. Judgment was entered accordingly, and it is from this judgment that the plaintiff appeals. Her sole contention is that too small an amount of damages has been awarded to her. In making this contention she relies mainly upon the remarks made by the court at the conclusion of the trial as indicating that he considered the amount of actual damage to her property to be much larger than that which he finally awarded to her. But statements by the trial judge of the character made during the progress f the case are of little or no value to this court in determin-

ing whether its final conclusion as embodied in its findings and judgment is correct. Upon the evidence in this case the court might well have found that the plaintiff had suffered no damage whatever, for it was so testified by several witnesses; or the court might have found that the plaintiff's damage amounted to the full sum of one thousand dollars, which she claimed and to which certain of her witnesses had testified. Between these two limits the court had discretion, in view of the conflicting evidence, to determine as to the plaintiff's actual damage, and there is nothing before us to indicate that he abused that discretion. With his conclusions and judgment, therefore, we cannot interfere. It may be stated incidentally that the respondent has filed no brief upon this appeal and that we have thus been without the aid to which we were entitled in the examination of the record upon appeal. Notwithstanding this, we have carefully examined the record before us and have arrived at the conclusion that there is no merit in this appeal.

Judgment affirmed.

Sloss, J., and Victor E. Shaw, J., *pro tem.,* concurred.