[Civ. No. 3551. First Appellate District, Division One.—October 1, 1920.]

MARY QUINN, Appellant, v. J. W. QUINN, Respondent.

[1] DIVORCE — INTERLOCUTORY JUDGMENT — APPEAL FROM ORDER RE- FUSING TO VACATE—STAY OF ENTRY OF FINAL JUDGMENT.—An ap- peal from an order refusing to vacate and set aside an inter- locutory judgment of divorce upon the ground that its entry was due to inadvertence, mistake, or excusable neglect is not an appeal from the interlocutory judgment itself, and such appeal will not stay the entry of final judgment by reason of the provisions of section 132 of the Civil Code.

APPEAL from an order denying a motion to set aside a final decree of divorce. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jesse Robinson and Robinson & Sizer for Appellant.

Ben F. Woolner for Respondent.

BEASLY, J., *pro tem.*—This case comes here upon an appeal from an order denying a motion of plaintiff to set aside a final decree of divorce entered in her favor upon motion of the defendant.

Plaintiff began this action for divorce from defendant. The property rights of the parties were settled out of court, and thereupon and on March 30, 1918, the plaintiff amended her complaint by eliminating the charge of adultery which had been incorporated therein, and there- after and in due time and upon the report of a commis-

sioner to whom the case had been referred for the taking of testimony an interlocutory judgment of divorce was entered in plaintiff's favor. A few days before the lapse of six months from the date of the entry of the interlocutory judgment the plaintiff moved to set aside upon the ground that its entry was due to inadvertence, mistake, and excusable neglect upon her part. She had changed her attorneys before the notice of this motion, and in support thereof she offered the affidavit of one of her new attorneys excusing the delay in making the motion, and her own affidavit, in which she stated in substance that she had been deceived by her former attorney as to the effect of her action for a divorce and of the interlocutory judgment therein; and that she had intended and. desired only to institute a proceeding to bring her husband to time in the settlement of their property rights, and to make him give up his vices, including his association with another woman, and to secure his return to his home. The court denied her motion to vacate the interlocutory judgment, and from the order denying the same the plaintiff appealed. When a year had elapsed from the time of the entry of the interlocutory judgment a final judgment of divorce in favor of plaintiff was entered on motion of the defendant. Thereupon the plaintiff moved to set aside this final judgment upon the ground that the court had no power to make or enter it while her appeal from the order refusing to vacate the interlocutory judgment was pending. Her technical statement of the grounds of her motion is that the entry of the final judgment was the result of mistake and inadvertence.

[1] The appeal rests upon the claim of appellant that the first appeal, namely, that from the order refusing to vacate the interlocutory judgment, stayed the entry of final judgment by reason of the provisions of section 132 of the Civil Code. In that section it is provided that if an appeal be taken from an interlocutory judgment or a motion for a new trial is made, final judgment shall not be entered until such motion or appeal has been finally disposed of. But the appeal from the order refusing to vacate and set aside the interlocutory judgment upon the ground that its entry was due to inadvertence, mistake, or excusable neglect is not an appeal from the interlocutory judgment itself. By

the terms of the statute the entry of final judgment *must* be postponed only by an appeal from the interlocutory judgment itself or a motion for a new trial; and we have no power to add provisions to the section.

This reasoning, if correct, disposes of the cases cited by appellant, none of which is in point as we read the section upon which appellant relies for a reversal.

The order appealed from is affirmed.

Waste, P. J., and Richards, J., concurred.