[L. A. No. 13201.   In Bank.—January 24, 1934.]

MILDRED M. SULLIVAN, Appellant, v. EUGENE SULLIVAN, Respondent.

Carl M. Yokum and William V. Haughton for Appellant.

No appearance for Respondent.

THE COURT.—The question here presented is:

If a woman goes through a marriage ceremony with another man after interlocutory decree but before securing a final decree of divorce from her husband, is she thereafter entitled to judgment pursuant to Civil Code, section 80, declaring such attempted marriage void, notwithstanding the fact that she had received a copy of the interlocutory decree, clearly declaring it was "not a judgment of divorce", and should have known, and possibly did know, that she was still a married woman, and not legally capable of contracting a valid marriage.

Our answer is: Yes.

This is an appeal by plaintiff from judgment denying annulment of a void marriage.

Clerk's and reporter's transcripts were filed August 19, 1931, and the opening brief, with due proof of service, followed promptly thereafter. No respondent's brief was filed and no extension of time therefor given, nor did appellant request that the case be heard in chronological order notwithstanding respondent's default. In November, 1933, the appeal was included with others in an order of the court on its own motion that respondents show cause why judgment or order appealed from should not be reversed, or other appropriate order made in the cases, fixing December 5, 1933, before the court in Los Angeles as the time and place for such showing. At that time there was no appearance by either party to the appeal and it was ordered submitted for examination and order.

It is provided by Rule V of this court that: "If the respondent shall not file his points and authorities within the time allowed therefor, the cause may be submitted for decision upon the appellant's brief, in which case the court may, in its discretion, decide the case upon the statement of facts contained in such brief."

Pursuant to that rule we quote from the appellant's brief the statement of facts, as follows:

"The pleadings and undisputed evidence disclose the following state of facts:

"Plaintiff and defendant, Eugene Sullivan, were intermarried at Tia Juana, Mexico, on the 14th day of July, 1924. At the time of this marriage plaintiff had a husband living from whom she had secured, in the Superior Court of the State of California, county of Los Angeles, an interlocutory decree of divorce, but no final decree had been entered, and her former marriage was still in effect and subsisting when she married the defendant. Plaintiff and defendant lived together until about February, 1925, when they separated and have continuously thereafter lived separate and apart from each other.

"The defendant filed an answer admitting the allegations set forth in plaintiff's complaint but did not appear either in person or by counsel when the matter came up for trial, and the cause was tried as default.

"Upon the trial of the case the court expressed himself as entertaining no doubts about the facts hereinabove stated, but on the theory that the plaintiff either knew or should have known that her marriage with the defendant was invalid refused to grant plaintiff any relief on the equitable maxim that he who comes into a court of equity must come with clean hands."

■ There can be no question that the attempted marriage was illegal and void under Civil Code, sections 56 and 61. (See *Estate of Elliott*, 165 Cal. 339 [132 Pac. 439].)

Section 80 of the Civil Code provides: "Either party to an incestuous or void marriage may proceed by action in a Superior Court to have the same so declared."

The trial judge should have given judgment for the plaintiff.

No decision of this state interpreting section 80 of the Civil Code has been found, as counsel for appellant states, but several decisions of other states are given, declaring in effect that as a matter of public policy the court should, at the first opportunity, enter its decree annulling such a marriage, to the end that the public be protected so far as possible from the evils of such unlawful acts and to prevent the innocent from suffering therefrom. (*Hahn* v. *Hahn,* 104

Wash. 247 [176 Pac. 3]; *Sylauzis* v. *Sylauzis*, 255 Ill. 314 [99 N. E. 640, Ann. Cas. 1913D, 454, L. R. A. 1916C, 741]; *Dolan* v. *Wayner*, 95 N. J. Eq. 1 [125 Atl. 2].)

The judgment appealed from is reversed, with directions to the trial court to enter judgment as prayed for.