[Civ. No. 5330.   Third Appellate District.—March 21, 1935.]

FANNIE RUBENSTEIN, Respondent, v. CLARA SOLK et al., Appellants.

Golden & Kaufman and Arthur V. Kaufman for Appellants.

Harry Sheer for Respondent.

PULLEN, P. J.—Plaintiff Fannie Rubenstein and defendant Samuel Rubenstein were husband and wife, and defendant Clara Solk is their daughter.

In May, 1932, an interlocutory decree of divorce was entered in an action between plaintiff and defendant Rubenstein, holding among other things that a certain piece of real property situated in the city of Los Angeles, which had been acquired in 1919, was community property, and decreed that the same be divided equally between the parties.

In September, 1932, defendant Samuel Rubenstein attempted to convey the whole of this property to defendant

Clara Solk by a grant deed which was at the request of the grantee named therein, recorded in the office of the recorder of the county of Los Angeles. Thereupon Fannie Rubenstein, the wife, brought this action to set aside the purported conveyance and to have it decreed that the real property in question was community property and that defendant Clara Solk had no right, title or interest therein.

Upon the trial the court found the property was the community property of plaintiff and defendant Rubenstein; that it was conveyed to defendant Solk without consideration in an attempt to defraud plaintiff of her rights therein, of which defendant Solk had knowledge. It was also found that in the interlocutory decree the community real property here in dispute was to be divided equally between the parties thereto, but that such division had not, prior to the attempted transfer, been made, and declared the deed from Rubenstein to Solk to be null and void. From the judgment based upon these findings defendants appeal.

The question here presented, namely, whether a deed to community property executed by a husband to a third person, without the consent of the wife, is void in its entirety or only voidable as to the wife's undivided one-half interest, has been considered by our courts in several instances, the most recent review thereof by our Supreme Court being the case of *Trimble* v. *Trimble*, 219 Cal. 340 [26 Pac. (2d) 477, 480], where the earlier cases are collected and analyzed. In that case the husband attempted to convey by deed of gift, certain community property which has been acquired, as had the property here in question, subsequent to the enactment in 1917 of section 172 (a) of the Civil Code, and it was there held "that the deeds executed by the deceased (husband) without consideration and without the consent of his wife are valid conveyances as to one-half of the property sought to be conveyed, but may be avoided by his wife as to her half of said community property. This action was instituted for this purpose, and it must therefore be held that . . . she is the owner of half of said two parcels of land and the defendants are the owners of the other half."

The judgment is reversed and the cause remanded for a new trial, respondent to recover costs.

Thompson, J., and Plummer, J., concurred.