[Sac. No. 4909. In Bank.—August 31, 1936.]

AUGUST ANDERSON, Respondent, v. INA L. ANDERSON, Appellant.

James D. Meredith and William L. Shaw for Appellant.

Ware & Ware for Respondent.

LANGDON, J.—Plaintiff was married to Wilhelmine Hanson in 1893, and the marriage was never dissolved. In 1906, plaintiff entered into a purported marriage with defendant Ina L. Anderson. In 1918 he obtained a divorce from her, and in 1920 remarried her. In 1932 he again began to live with his first wife. In 1933 he brought this action to annul his marriage with defendant, on the ground that his prior marriage to Wilhelmine Hanson was undissolved. The court concluded that his purported marriage with defendant was void, and gave judgment to that effect.

Defendant appeals, contending that one who seeks annulment of marriage must show "clean hands", and that a deliberate bigamist is not entitled to annul a marriage as against an innocent woman who in good faith entered into what she believed to be a valid marriage. In this connection defendant recites numerous marriages, desertions and divorces of plaintiff, whose explanation of his misconduct was "lapse of memory".

The appeal is without merit. A *de facto* wife is entitled to certain property rights or recovery for services rendered in good faith, even though the marriage is void. (See *Schneider* v. *Schneider*, 183 Cal. 335 [191 Pac. 533, 11 A. L. R. 1386]; *Figoni* v. *Figoni*, 211 Cal. 354 [295 Pac. 339]; 20 Cal. L. Rev. 453.) But the marriage itself has no validity, and either party may proceed to have it declared a nullity. (Civ. Code, sec. 80.) Where the marriage is only voidable, the plaintiff's misconduct or lack of "clean hands" may be considered, but public policy favors the declaration of nullity of a void marriage, and under our statute, a guilty party is entitled to secure the decree. The case of *Sullivan* v. *Sullivan*, 219 Cal. 734 [28 Pac. (2d) 914], ignored by appellant, is directly in point.

The judgment is affirmed.

Waste, C. J., Seawell, J., Curtis, J., and Shenk, J., concurred.