[Civ. No. 10736. First Appellate District, Division Two.—September 16, 1938.]

OTIS ELEVATOR COMPANY (a Corporation), Appellant, v. B. S. BERRY, Respondent.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

Charles A. Christin and Rowland R. King for Respondent.

NOURSE, P. J.—Plaintiff has appealed from a judgment in favor of defendant.

The action was brought upon a written contract relating to certain repairs to be made upon an elevator located in the Hotel Lorenz at Redding, California. It is not disputed that the plaintiff has fully performed the contract and that the sum of $2,084 is now due to plaintiff under the terms of said contract. The only question presented to this court is whether the defendant B. S. Berry is personally liable on said contract.

Shortly prior to September 17, 1926, negotiations between the parties culminated in a written invitation or proposal to contract. This document set forth in detail the full terms of the contract. It was addressed to "Hotel Berry Systems, 110 Sutter Street, San Francisco, California". It was signed by the plaintiff and expressly provided that it was not valid

unless approved by the service manager of plaintiff. Defendant signed the proposal in the following terms: "Signed and accepted in duplicate, Sept. 17, 1926. B. S. Berry". Shortly thereafter the contract was approved by the service manager of plaintiff. The trial court found: that the Hotel Berry Systems was also known to plaintiff as the Berry Hotels System, and said proposal was intended for said Berry Hotels System which controlled and operated Hotel Lorenz; that defendant B. S. Berry was secretary of said Berry Hotels System; "That at said time (Sept. 17, 1926) B. S. Berry was acting as agent for said Berry Hotels System and authorized, on behalf of said corporation, to execute contracts and to enter into any and all transactions with plaintiff for and on behalf of said corporation, and said signature of B. S. Berry was affixed to said proposal as agent for said corporation and with the knowledge of plaintiff that said B. S. Berry was so acting as agent for said corporation." In accordance with the findings, judgment was entered for defendant.

There is ample evidence to sustain the finding of the trial court that plaintiff knew, at the time the contract was entered into, that the Hotel Lorenz was being operated by the Berry Hotels System, and that B. S. Berry was its agent and acting as such when he signed the contract. The question we are confronted with is whether this evidence was admissible to prove that the parties never intended that the defendant B. S. Berry should be personally bound by the contract.

The rule is that where a person signs his own name to a written contract, without qualification and without disclosing that he acts solely as agent, extrinsic evidence is inadmissible to prove that he acted solely as agent and was not a party to the contract. (*Broy* v. *Calaveras Central Gold Min. Co.*, 18 Cal. App. (2d) 371 [64 Pac. (2d) 456].) Defendant contends that the face of the agreement discloses an ambiguity justifying the admission of extrinsic evidence to prove that the agreement was in fact the contract of the Berry Hotels System. He relies upon the fact that the face of the agreement shows that it was addressed to Berry Hotels System and that it was signed by B. S. Berry, a person other than the one to whom it was addressed. An agent, who has

signed his own name unqualifiedly, may introduce extrinsic evidence to show that he is not a party to the contract, only where the contract itself contains some phrase or provision which shows that he was acting in a representative capacity. (A. L. I., Restatement of the Law, Agency, sec. 323, subds. 2 and 3, and cases cited in the California Annotations thereto.) Applying this rule to the instant case, it is apparent that no such ambiguity existed. The mere fact that the proposal was addressed to the defendant's principal is not enough, for the contract might also have been intended to bind the agent as well. ▪ Aside from the address, there is no reference in the contract to defendant's principal and there is no clause in the contract which, either expressly or by implication, indicates that defendant acted in a representative capacity. Defendant signed his name without indicating the identity of his principal, or even the fact that he was acting as agent. Under these circumstances, he cannot now assert that he is not a party to the contract.

It follows, therefore, that the extrinsic evidence was improperly admitted and that the judgment is without evidentiary support.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.