[Civ. No. 6051. Third Appellate District.—April 8, 1939.]

PETER BRANDT, Appellant, v. KATHERINA BRANDT, Respondent.

H. S. Shapiro for Appellant.

Joseph H. Gosling and Lynn V. Gosling for Respondent.

HELD, J., *pro tem.*—This is an action to annul a purported marriage between the parties, and to have an adjudication of the title of certain real property acquired by them. The property consists of two parcels of land in Los Angeles, one an improved residence lot, the other a vacant lot. Plaintiff by his complaint sought an annulment of the marriage, and an award of an undivided one-half interest in the property to each of the parties. Defendant by cross-complaint also sought to have the marriage annulled, and prayed that the whole of the property be awarded to her.

When the case came on for trial, the parties stipulated that the defendant and cross-complainant might proceed with her cross-complaint for an annulment without contest on the part of the cross-defendant "without prejudice to any of the real property rights or division thereof". The cross-complainant thereupon introduced evidence in support of the allegations of the cross-complaint concerning the annulment, and thereafter both parties introduced evidence relative to the ownership of the property. Findings were made, and a decree entered thereon that the marriage be annulled. The improved residence lot was by the court awarded to defendant, and an undivided one-half interest in the vacant lot to each of the parties. The plaintiff appeals from that portion of the judgment awarding the improved residence lot to defendant.

The record discloses that the true name of plaintiff is Peter Clippage; that on March 14, 1908, in the State of Pennsylvania he married Mary Barany, and later deserted her. While she was still living and the marriage between her and plaintiff remained undissolved, the plaintiff having assumed the name of Peter Brandt, married defendant in the State of Illinois on October 22, 1910. A daughter was born to them. Defendant had no knowledge that plaintiff at the time of the purported marriage to her was a married man,

and did not ascertain that fact until 1932. She thereupon separated from plaintiff. The record does not disclose when plaintiff instituted this action. It does appear, however, that the second amended complaint was filed on August 2, 1935.

At the time of the purported marriage between the parties hereto, the defendant possessed as her own property, the sum of $250 in cash, which immediately after the purported marriage she loaned to plaintiff, who promised to repay the same to her. Later the parties moved to Los Angeles, and purchased the property awarded by the judgment to defendant. The initial payment thereon consisted of the $250 loaned by defendant to plaintiff, and in addition thereto certain moneys which were the joint earnings of the parties. The premises were occupied by plaintiff and defendant as a home. In 1924 the plaintiff contemplated a visit to Europe, and the question of a settlement of their financial affairs arose. As an outcome of the discussion, the plaintiff on March 14, 1924, executed a deed to defendant. This deed was recorded on March 17, 1924, and granted to defendant "as her separate property" the improved residence property. The testimony of plaintiff was that this deed was made as an assurance on his part that he did not intend to remain permanently in Europe, but would return and resume marital relations with defendant. Defendant testified that the purpose of the deed was to repay her for the loan she had made to plaintiff and to compensate her for her share of their joint earnings. The plaintiff did go to Europe and remained there for a period of five months, and on his return the parties resumed their former relations. In 1932 defendant learned that plaintiff on his trip to Europe had taken another woman with him; also that he had another wife, and thereupon she left plaintiff.

No complaint is made of the decree annulling the marriage, nor could there be, for as was said in *Sullivan* v. *Sullivan*, 219 Cal. 734 [28 Pac. (2d) 914]:

"As a matter of public policy, the court should, at the first opportunity, enter its decree annulling such a marriage, to the end that the public be protected so far as possible from the evils of such unlawful acts and to prevent the innocent from suffering therefrom."

Appellant contends, however, that the court was in error in awarding the whole of the improved residence property to defendant, in view of the stipulation entered into

at the time of the trial. We see nothing in that stipulation that operated to withdraw from the jurisdiction of the court any of the issues tendered by the pleadings. The court was called upon to adjudicate the validity of the purported marriage between the parties, and also to determine the title of certain property. The stipulation merely operated to allow defendant to proceed without contest on her cross-complaint to have the marriage annulled. The issue as to the property was still before the court. Upon that issue the parties went to trial and produced evidence and the court disposed of the issue, as was its duty.

■ Defendant rests her title upon the deed to her executed by plaintiff on March 14, 1924. Plaintiff testified that he executed this deed, believing at the time that his marriage to defendant was valid, and that he acted under a mistake of fact. No such plea, however, was made in the pleadings, and it is well settled that unless mistake is pleaded, it may not be relied upon. As was said in *Harding* v. *Robinson*, 175 Cal. 534, at page 542 [166 Pac. 808] :

"To the necessity of pleading a mistake it is sufficient to refer, from the multitude, to such cases as *Pierson* v. *McCahill*, 21 Cal. 123; *Murray* v. *Dake*, 46 Cal. 644, 645; *Harrison* v. *McCormick*, 89 Cal. 327 [23 Am. St. Rep. 469, 26 Pac. 830] ; *Bradbury* v. *Higginson*, 167 Cal. 553 [140 Pac. 254] ; *Carr* v. *King*, 24 Cal. App. 713, 714 [142 Pac. 131]."

As was said in *Quality Bldg. & Sec. Co.* v. *Bledsoe*, 125 Cal. App. 493 [14 Pac. (2d) 128], where mistake was not pleaded: "That issue is not in the case."

■ Appellant contends also that to uphold his deed to the defendant would result in a fraud upon his lawful wife, and argues that the property being community property may not be legally conveyed unless such wife joins as a grantor. Section 172a of the Civil Code is cited as authority. However, the defendant here admittedly received the deed without knowledge of the fact that the grantor had a wife living other than herself. As to defendant, the validity of the deed is presumed under section 172a of the Civil Code. The section also limits the time in which an action to set aside a deed by the husband alone may be brought. That time has long since elapsed.

■ Nor is such a deed void in its entirety. The conveyance is valid as to the husband's interest, and may be avoided *at the suit of the wife* as to her interest. (*Trimble* v. *Trimble*,

219 Cal. 340 [26 Pac. (2d) 477]; *Rubenstein* v. *Solk,* 5 Cal. App. (2d) 426 [43 Pac. (2d) 324].) The lawful wife of plaintiff is not a party here, and the plaintiff having conveyed all his interest may not be heard to question the deed.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.