[Civ. No. 16872.   Second Dist., Div. Two.   June 29, 1949.]

SAMUEL LONDON, Respondent, v. IRVING ZACHARY et al., Defendants; ROBERTA ZACHARY et al., Appellants.

Goodwin J. Knight, Maurice Saeta and Frank Kashare for Appellants.

Ralph B. Herzog, Jerome D. Rosenfield and Benjamin D. Mathon for Respondent.

MOORE, P. J.—Defendant Irving Zachary appeals from a judgment for damages resulting from the breach of a contract for the sale of a wholesale wine distributing business.

In January, 1946, appellant caused to be prepared a contract in quadruplicate for the sale of such business to respondent for $3,000. Spaces were left in the instrument for the date, price and terms of payment.

After the omitted data had been orally agreed upon, respondent inserted them in two of the copies which he signed. One of the copies bearing respondent's signature together with a second copy "not filled in" he gave to appellant with the request that the latter fill the blank spaces of the incomplete copy. After the lapse of a week appellant returned the incomplete copy with the signatures of both defendants and respondent to the latter and instructed him to "fill it in." This was done by using the memorandum of the terms prepared by appellant's attorney which had been inserted in the copy then held by appellant fully executed. Thereafter, appellant refused to consummate the sale.

After many discussions, appellant and respondent executed

a contract whereby they agreed to submit all disputes to the final determination of a designated arbiter. Pursuant to such contract the parties submitted their controversy to the named arbiter who after a hearing decided that the contract of sale dated January 15, 1946, was null and void and that respondent was not entitled to recover anything from appellant. Thereupon, appellant moved the superior court to confirm, while respondent moved it to vacate, the award. After hearing, the court denied both motions. Respondent thereupon commenced the instant action for breach of contract and the court upon findings duly made entered judgment in the sum of $10,000 in favor of respondent.

Appellant first contends that the trial court erred in not sustaining an objection to the introduction of evidence on the grounds that the parties had executed a common law arbitration agreement; that the award of the arbitrator is still in force and effect, and as such, is a good defense to respondent's action. There are two answers to such contention. The validity of the award under the statutory provisions relating to arbitration was the issue presented to the superior court which for good reasons was denied. The judgment became final five months prior to the commencement of the instant action. It is therefore res judicata and its validity cannot be effectively asserted herein.

But the contention that the decision of the arbiter is a valid common law award has been definitely settled in the instant action. The court below found contrary to appellant's thesis as follows: "That it is not true that . . . plaintiff and said defendant entered into a common law or other agreement of arbitration . . . the fact being that both of said parties believed and intended said arbitration proceeding to be a statutory arbitration under and in accordance with the provisions of section 1280 et seq. of the Civil Code." (Sic.)

That such a finding is supported by the evidence is apparent from the arbitration agreement itself which provides: "It is further agreed that a judgment of any court of record competent to have jurisdiction of the subject matter of said controversy may be rendered upon the award made pursuant to the submission in pursuance of the statute in such case made and provided." An award made pursuant to an agreement for a common law arbitration is not thus enforcible. A common law arbitration not having been contemplated the award of the arbiter may not now be raised as a defense. (*Williams v. Walton,* 9 Cal. 142, 146.)

Appellant asserts that the court erred in rendering judgment against appellant because he was at the time merely an agent acting for his wife. Such declaration is based upon the court's finding that "Roberta Zachary at all times mentioned in plaintiff's amended complaint was the owner of the wholesale wine business . . . and defendant Irving Zachary was the manager and duly authorized agent of said Roberta Zachary *in all matters pertaining to the management and operation* of said American Swiss Wine Company."

This finding in no respect implies that appellant was his wife's agent for the purposes of selling the business, but is limited in its application to the operation and management thereof. Also, this isolated part of a single finding may not be tortured into a finding of an all-encompassing agency on the part of appellant. Throughout all the findings the defendants are referred to in the plural. This is in accordance with the agreement itself which refers to Irving and Roberta Zachary as sellers and is signed by both in their individual capacities. Appellant is in no better position than an accommodation surety on a promissory note. Having by his signature placed himself in a position to enjoy the advantages of a sale he must bear the obligations of the contract. Assuming that appellant did act as an agent he is liable unless it is made to appear on the face of the instrument that the parties intended to bind only the principal and not the agent. (*Patterson* v. *John P. Mills Organization,* 203 Cal. 419, 421 [264 P. 759]; *Otis Elevator Co.* v. *Berry,* 28 Cal.App.2d 430, 432 [82 P.2d 704].) If an agent who signs an agreement in his own name would avoid personal liability he must on the writing itself indicate his intention to bind the principal only. (*Ibid.*)

Appellant says that the court erred in finding the contract of sale to be valid, and points to much evidence which would support a contrary finding. It has become elemental, the authorities are legion and citation is unnecessary to the effect that a finding based upon disputed evidence will not be disturbed on appeal if there is substantial evidence to support it.

Respondent testified that he received four copies of the agreement of sale containing certain blank spaces. He completed two copies by filling in their blank spaces, signed one of them and one blank copy. He delivered the two signed copies to appellant who signed the incompleted copy, had his wife sign it, returned it in the same condition to respondent and later told the latter to fill in the blanks himself. From such

testimony and the fact that respondent had been negotiating with appellant and his attorney for over a month for the purchase of the business, it cannot be said that the trial court erred in concluding that the final instrument, signed by both parties, represented their mutual agreement. When appellant signed the blank copy which he returned to respondent he had in his possession the original signed by respondent with the blank spaces properly filled.

Appellant belatedly announces that there can be no contract unless the minds of the parties have met and mutually agreed; that consent must be unclouded by fraud, duress or mistake. ▉ In the first place, no issue of fraud or mistake was pleaded. By reason of its absence from the answer it will not be considered on appeal. (*Frank Meline Co.* v. *Kleinberger,* 108 Cal.App. 60, 64 [290 P. 1042] ; *Brandt* v. *Brandt,* 32 Cal.App.2d 99, 102 [89 P.2d 171].) ▉ In addition to the absence of such plea from the answer, the findings will be construed on appeal to support the judgment. Neither fraud nor mistake will be presumed. (*Brandt* v. *Brandt, supra*; *Harding* v. *Robinson,* 175 Cal. 534, 542 [166 P. 808].) When appellant signed the completed contract bearing the signature of respondent he thereby established the meeting of his mind with that of respondent.

▉ Appellant's final contention is that the court erred, in finding respondent to have been damaged in the sum of $10,000. It is argued that the amount is speculative. Not so. The court found that in the year following appellant's refusal to consummate the sale, the business netted between $13,000 and $47,000. Appellant himself testified that the business made $13,000 in 1946 and $40,000 in 1945, the year of the agreement. These figures and others for previous years were before the court and presented a satisfactory basis upon which to calculate the damage.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.