[Civ. No. 18111. Second Dist., Div. Two. Feb. 8, 1951.]

DON S. WILLIAMS, Appellant, v. SUSIE WILLIAMS, Respondent.

Walter L. Gordon, Jr., for Appellant.

Curtis C. Taylor for Respondent.

McCOMB, J.—Plaintiff appeals from the portion of a judgment in a decree annulling his marriage to defendant which awards the custody of the minor children of the parties to defendant and orders plaintiff to pay defendant the sum of $10 per week for the support of said minor children.

## CHRONOLOGY

i. Plaintiff and defendant were married September 20, 1945.

ii. As a result of the marriage two children were born.

iii. December 28, 1948, plaintiff learned that defendant was not a single woman at the time he married her, but was married to one Frank Gardner.

iv. Plaintiff instituted the present action for annulment of the marriage, stating that defendant had represented to him that she was a single woman; that he had relied on these representations; that otherwise he would not have consented to marry her; and that by reason of such fraud and deception practiced on plaintiff, ''said marriage, though regular in form, was null and void,'' and prayed ''that the marriage as heretofore entered into between plaintiff and defendant be annulled, declared void and of no force and effect.''

v. The trial court found, supported by substantial evidence, that the foregoing facts were true and that ''the marriage, though regular in form, is null and void.''

In the conclusions of law the trial court stated ''that the marriage between the parties hereto is null and void and voidable, and plaintiff is entitled to a decree of annulment.''

In the judgment the trial court ordered ''that the marriage heretofore entered into by and between Plaintiff and Defendant be and the same is hereby declared to be void from the beginning and also voidable, and is annulled.''

## QUESTION

■ *In view of the provisions of section 84 of the Civil Code, did the trial court have the authority to award the custody of the children of the parties to defendant and order plaintiff to pay for their support?*

Yes. Section 84 of the Civil Code of the State of California reads: ''A judgment of nullity of marriage does not affect the legitimacy of children conceived or born before the judgment, and the court may during the pendency of the action, or at the time judgment is rendered or at any time thereafter make such order for the custody, care, education, maintenance and support of such children during their minority as may seem necessary or proper; except that the court must award the custody of the children of a marriage annulled on the ground of fraud or force to the innocent parent.''

The present case does not, as contended by plaintiff, fall within the provision of the foregoing section that where a marriage is annulled for fraud or force the custody of the

children must be given to the innocent party. The decree was granted pursuant to subdivision 2 of section 82 of the Civil Code which reads: ''A marriage may be annulled for any of the following causes, existing at the time of the marriage: . . . Two. That the former husband or wife of either party was living, and the marriage with such former husband or wife was then in force,'' and not because of the fraud or force of defendant.

This is made clear by the fact that section 61 of the Civil Code makes a subsequent marriage contracted by any person during the life of a former husband or wife of such person with any person other than such former husband and wife *illegal and void from the beginning,* unless the former marriage has been annulled or dissolved, or unless such former husband or wife is absent, and not known to such person to be living for the space of five successive years immediately preceding such subsequent marriage, or is generally reputed or believed by such person to be dead at the time such subsequent marriage was contracted. (See also *Anderson* v. *Anderson,* 7 Cal.2d 265, 266 [60 P.2d 290] ; *Sullivan* v. *Sullivan,* 219 Cal. 734, 735 et seq. [28 P.2d 914].)

In the present case the plaintiff prayed in his complaint that the marriage be declared *void.* The trial court found it was void and so stated in its conclusions of law and judgment. It is clear the marriage was annulled because it fell within the purview of subdivision 2 of section 82 of the Civil Code, *supra.* Had it been granted upon the ground of fraud it would have been only a voidable marriage. As the marriage was annulled because it was void, since defendant was not free to remarry at the time she entered into the contract with plaintiff, the court had authority under the general rule stated in section 84 of the Civil Code, *supra,* to award the custody of the minor children to either party and to make a proper allowance for their support.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 5, 1951.