[Civ. No. 21175.   Second Dist., Div. One.   Oct. 3, 1955.]

GASPER H. DOMINGUEZ, Appellant, v. ANDREA C. DOMINGUEZ, Respondent.

Hahn, Ross & Saunders for Appellant.

No appearance for Respondent.

DORAN, J.—The complaint herein, filed October 17, 1954, seeks annulment of a marriage between the parties which occurred at Las Vegas on August 9, 1953, alleging the existence of "a prior existing marriage, which marriage had not been dissolved and was in full force and effect." The defendant failed to answer or otherwise appear after having been served with summons, default was entered, and at the hearing, plaintiff's prayer for annulment was denied, from which judgment the present appeal is taken.

The trial court found that the allegations of the complaint were true, and that plaintiff's former wife had obtained a California interlocutory decree of divorce from plaintiff which

"was entered on February 20, 1951; that the marriage of the parties hereto occurred on August 9, 1953, more than one year after entry of said interlocutory decree; that no final decree of divorce was made or entered in said action until May 24, 1954; that plaintiff herein was entitled on and after February 21, 1952, to have and could have obtained the signing, filing and entry of a final decree . . . *nunc pro tunc* as of February 21, 1952, or a later date, and could thereby have validated his marriage to defendant herein; that he elected not to do so but to rely upon his own violation of law as a ground for obtaining an annulment of said marriage; that plaintiff has not come into court with clean hands and his complaint is without equity; that plaintiff is not entitled to an annulment of marriage from defendant."

The record further discloses that appellant had been informed by the former wife that a final judgment of divorce had been entered at the time of the marriage to respondent; appellant did not discover that such final judgment had not been entered until May 14, 1954. The wife in the former action is now remarried and has children by a later marriage.

It is contended that appellant "has not come to court with unclean hands by reason of his failure to procure entry of his final judgment of divorce, *nunc pro tunc*," and therefore, that the annulment should have been granted.

From the findings of the trial court it is apparent that the plaintiff had made out a case for annulment by proving, in the language of section 82, subdivision 2, of the Civil Code, "That the former husband or wife of either party was living, and the marriage with such former husband or wife was then in force." It is specified in section 61, subdivision 1, of the Civil Code that "In no case can a marriage of either of the parties during the life of the other, be valid in this state, if contracted within one year after the entry of the interlocutory decree in a proceeding for divorce" unless the former marriage has been annuled or dissolved. Such a subsequent marriage is declared by section 61 to be "illegal and void from the beginning."

■ Neither in these sections nor elsewhere is the right to an annulment on this ground conditioned upon the legal or moral conduct of either party. ■ Failure to take advantage of some other provision of the law, such as section 133 providing for the entry *nunc pro tunc* of a final judgment of divorce, is not made a ground for denial of the annulment. Yet, in the instant case, although adequate proof of

all statutory requirements had been made, the trial court held that "the plaintiff, under these circumstances, is not entitled to an annulment because of the fact that he could have obtained or could now a final *nunc pro tunc,* which would make the present marriage valid." To read such a requirement into the law amounts to judicial legislation for which no authority exists.

In *Anderson* v. *Anderson,* 7 Cal.2d 265 [60 P.2d 290], the defendant contended "that one who seeks annulment of marriage must show 'clean hands,' and that a deliberate bigamist is not entitled to annul a marriage." ▆ The reviewing court refused to sanction such a rule, saying: "But the marriage itself has no validity, and either party may proceed to have it declared a nullity. (Civ. Code, § 80.) ▆ Where the marriage is only voidable, the plaintiff's misconduct or lack of 'clean hands' may be considered, but public policy favors the declaration of nullity of a void marriage, and under our statute, a guilty party is entitled to secure the decree. The case of Sullivan, 219 Cal. 734 . . . is directly in point."

*Sullivan* v. *Sullivan,* 219 Cal. 734 [28 P.2d 914], cited with approval in the Anderson case, held that "If a woman goes through a marriage ceremony with another man after interlocutory decree but before securing a final decree of divorce from her husband, . . . she (is) thereafter entitled to a judgment . . . declaring such attempted marriage void, notwithstanding the fact that she had received a copy of the interlocutory decree, clearly declaring that it was 'not a judgment of divorce,' and should have known, and possibly did know, that she was still a married woman, and not legally capable of contracting a valid marriage."

▆ Even if the doctrine of "unclean hands" be applied in the instant case, appellant's conduct can hardly be deemed to fall within that term. It appears, as said in appellant's brief, "that Appellant. was entirely innocent of any intentional wrongdoing." Appellant's testimony indicates that the former wife had instituted divorce proceedings in Orange County, and had informed appellant that the final decree had been entered; that appellant would not have remarried if it had been known that no final decree had actually been entered.

▆ In reference to appellant's alleged misconduct in failing to have a final judgment of divorce entered *nunc pro tunc,* the applicable language of *Bradley Co.* v. *Bradley,* 165

Cal. 237, 242 [131 P. 750], may be noted: "It is not every wrongful act nor even every fraud, which prevents a suitor in equity from obtaining relief. His conduct must be so intimately connected to the injury of another with the matter for which he seeks relief, as to make it inequitable to accord him such relief." ■ In the case at bar, as said in appellant's brief, "the granting of the annulment would not be prejudicial to the rights of defendant; she has not appeared, and does not oppose the annulment."

■ There is no authority to the effect that it is a wrong not to apply for the entry of a final decree of divorce *nunc pro tunc* under the provisions of section 133 of the Civil Code. As stated in appellant's brief, "There is nothing compulsory about the provisions of this code section. It confers a certain right upon parties to a divorce case—the right to have their final decree back-dated under certain circumstances." The record indicates that appellant had made proof of everything necessary to bring the case under the provisions of section 82, subdivision 2, of the Civil Code, and was therefore entitled to an annulment of the marriage.

The judgment is reversed with direction that a judgment of annulment be entered.

White, P. J., and Drapeau, J., concurred.