[Civ. No. 23221.   Second Dist., Div. Two.   Nov. 24, 1958.]

NEVA M. HIRSCHFELD, Appellant, v. WILLIAM G.
HIRSCHFELD, Respondent.

Barbara Warner and Warner, Sutton & Warner for Appellant.

Paul R. Hutchinson for Respondent.

ASHBURN, J.—Two appeals. Plaintiff obtained in Los Angeles County an interlocutory judgment of divorce from defendant, which was entered on August 22, 1956. Defendant, on November 3, 1956, married one Victoria Kanaziz in the State of Texas. They have been residing together in the States of Texas, Illinois and New York, but, so far as appears, there has been no cohabitation within the State of California.

On October 14, 1957, plaintiff made a motion in the Los Angeles Superior Court for an order barring the entry of a final decree. The specified grounds were, "that defendant entered into a bigamist marriage with Victoria Kanaziz on the 3rd day of November, 1956, in the County of Harris, State of Texas, he being the lawful husband of plaintiff herein, and that by reason thereof, defendant does not come into equity with clean hands, and may not envoke the process of the court for the entry of the Final Decree of Divorce." Attached to the notice of motion was an affidavit of plaintiff's counsel setting forth the foregoing facts and nothing more. The motion was denied and plaintiff appealed from the said order; that is one of the appeals now before us.

The final decree was made thereafter on defendant's application and entered on October 18, 1957. Plaintiff has appealed therefrom and that appeal is now before us.

Appellant argues that one who has entered into a bigamous marriage cannot procure a final decree in this state. Counsel analogizes this situation to an application made by one who stands in contempt of court, but the analogy is not complete. The interlocutory does not forbid a remarriage; it simply refrains from dissolving the existing one. Except in certain special cases—e.g. reconciliation or existing contempt—a mandatory duty rests upon the court to enter a final decree upon proper application (16 Cal.Jur.2d § 128, p. 417), the form of which is set forth in rule 20 of the Judicial Council Rules for Superior Courts. Such an affidavit was presented in the instant case.

No exception is taken to its form except subdivision (e) of paragraph 2 which says: "[N]o motion to set aside or annul said interlocutory judgment or suit brought therefor is pending and undetermined, and no appeal has been taken or is pending therefrom, and said judgment has become final." The criticism is directed at the phrase "no appeal has been

taken or is pending therefrom." ▇ It is argued that the appeal from the order denying the motion to bar entry of a final decree is the equivalent, for present purposes, of an appeal from the interlocutory judgment itself. The law is to the contrary. (*Quinn* v. *Quinn,* 49 Cal.App. 441, 442 [193 P. 593].)

▇ True, it is held in *Weeks* v. *Superior Court,* 187 Cal. 620, 622 [203 P. 93], that section 132, Civil Code, "does not mean that a party to the action may have a final decree entered when to do so would be a flagrant abuse of the principles of equity and of the due administration of justice. It is within contemplation of the section that facts arising subsequently to the granting of the interlocutory judgment should have their influence in determining the right to a final decree." But no contempt is shown at bar because defendant has not violated any command contained in the interlocutory. (See *Hotaling* v. *Superior Court,* 191 Cal. 501, 508 [217 P. 73, 29 A.L.R. 127] ; *Dewey* v. *Superior Court,* 81 Cal. 64 [22 P. 333].) Indeed, it does not appear from this record that defendant did not believe (as so many conveniently do) that his California divorce was a final decree. Nor could the remarriage outrage the public policy of this state, for it would not become bigamy under our law until there had been cohabitation within this jurisdiction (8 Cal.Jur.2d, § 10, p. 285).

That California does not feel outraged by such disregard of the limitations of its interlocutory decrees is evidenced by cases such as *Sullivan* v. *Sullivan,* 219 Cal. 734 [28 P.2d 914] and *Anderson* v. *Anderson,* 7 Cal.2d 265 [60 P.2d 290], which hold that one who knowingly remarries in another state, with understanding of the terms of the interlocutory and during the interlocutory period, may return to this state and procure an annulment, the doctrine of clean hands having no application to the annulling of a void marriage.

Finally, the practical aspect of the matter is to be considered. If defendant were denied a final decree because of his remarriage, he could then obtain an annulment of the second marriage in this state, standing upon his own wrong as a basis therefor; this decree having become immediately effective, he could then procure his final divorce and remarry the second wife and thus validate that marriage. Under the rulings made in the case before us, he gets a final decree of

divorce, then remarries the second wife, and accomplishes the same end.

The order denying motion and the final judgment of divorce are affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 10, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 21, 1959.