[Civ. No. 33590.   Second Dist., Div. Two.   July 17, 1969.]

JAMES BARR et al., Plaintiffs and Respondents, v. VIR-
GINIA LEE RHOADES et al., Defendants and Appel-
lants.

Brian J. Kennedy for Defendants and Appellants.

David L. Sefman for Plaintiffs and Respondents.

ROTH, P. J.—Plaintiffs James Barr and Bonnie Jean
Barr, purchased a three-unit commercial building from de-
fendant-owners Morris D. Scott and Annie Lee Scott.

Concurrently with the execution of the contract to purchase the building plaintiffs made a contract with said owners and with defendants Virginia Lee Rhoades and Dean Rhoades, brokers for said owners, whereby the four defendants agreed to provide plaintiffs, prior to the consummation of the escrow for the purchase of the building, with lessees for two vacant units in the building, and with trust deed financing upon such terms as would enable plaintiffs to operate the building at a profit.

The evidence showed without conflict that all four defendants knew that plaintiffs could not handle the purchase of the building or operate it on a profitable basis, unless the defendants arranged for a trust deed and procured two separate tenants on leases at specified rentals for two unoccupied units of the building, such leases to commence immediately after the consummation of the escrow.

The escrow was consummated. The purchase price was paid by plaintiffs by a small cash payment and the balance in the form of a first trust deed, obtained by the defendants, although in a lesser amount than that promised, and a second deed of trust taken back by the owner-defendants. No leases for the two vacant units were consummated.

A few months after the close of escrow, no tenants having been provided as promised, defendants were notified by plaintiffs of their desire to rescind and to return the building upon payment to them of their total out of pocket expenses.

Defendants did nothing. Plaintiffs brought an action for rescission and damages. Because of the nonconsummation of the two leases as promised, plaintiffs were unable to meet tax and trust deed payments. They defaulted under the first trust deed. During the pendency of this action against defendants herein, the property in question was sold under the default provision of the first trust deed.

Plaintiffs' evidence showed various out of pocket expenses in connection with the purchase of the building, to wit: 1) Cash paid on purchase price; 2) payment to building and loan; 3) payment on note to defendant; 4) title charges; 5) architect fees; 6) interest on the foregoing. The total expenses were $9,562.04.

The court found actual damages of plaintiffs to be $5,000 and rendered judgment in that amount against all four defendants.

The owner-defendants do not appeal.

The other defendants, the brokers who represented owners for the sale of the building (brokers) and who had with the owners contracted with respondents to produce two lessees before consummation of the escrow, do appeal.

Brokers seek reversal of the judgment on the ground there was no damage and that the judgment was a compromise judgment.

Brokers assert that there was no damage because plaintiffs did not prove that the property purchased was less in value at the time it was purchased than the amount plaintiffs paid for it. To support this position, brokers contend section 3343 of the Civil Code[1] controls and cite *Oliver* v. *Benton*, 92 Cal. App.2d 853 [208 P.2d 375] and *Jacobs* v. *Levin*, 58 Cal.App. 2d Supp. 913 [137 P.2d 500].

Brokers misconceive the thrust of plaintiffs' cause of action. The evidence showed that concurrently with the contract to sell the property to plaintiffs, owners and brokers contracted with plaintiffs to consummate two additional leases for the vacant units in the building and also that they would negotiate a trust deed for the benefit of plaintiffs upon such terms as would permit plaintiffs to operate the building at a profit. It is not disputed that it was clear to the brokers and their codefendants from the beginning that plaintiffs relied upon this concurrent contract.

The contract here breached by the four codefendants was not the one to convey the property. It was the concurrent and additional contract of all four defendants to supply such financing and such leasing prior to the consummation of the escrow as would enable plaintiffs to operate the building at a profit.

Under such circumstances, recovery can be had against the brokers, as well as the owners. (See *Warington Lbr. Co.* v. *Fullerton Mortg. & Escrow Co.*, 222 Cal.App.2d 706, 710-711 [35 Cal.Rptr. 423] ; *London* v. *Zachary*, 92 Cal.App.2d 654, 657 [207 P.2d 1067] ; *Zumwalt* v. *Schwarz*, 112 Cal.App. 734, 736 [297 P. 608] ; *Heringer* v. *Schumacher*, 88 Cal.App. 349, 352 [263 P. 550] ; *Marshall* v. *Bernheim*, 64 Cal.App. 283, 286

---

[1]Section 3343 reads:

"One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.

"Nothing herein contained shall be deemed to deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."

[221 P. 401].) The amount of such recovery is the out of pocket losses directly sustained by the plaintiffs as a result of the breach of the additional contract. ■ "Stated simply, the measure of damages for breach of a contract has been said to be the actual loss sustained by the party aggrieved as a result of the breach." (14 Cal.Jur.2d, Damages, § 131, p. 757).

■ Plaintiffs were awarded damages of $5,000. The evidence showed damage in excess of $9,000. Plaintiffs might, under these circumstances, have a complaint. However, they accept the judgment. Brokers cannot complain because the court-rendered judgment is in an amount less than the evidence actually showed. (See *Rose* v. *DeWitt*, 179 Cal. 272, 275 [176 P. 445]; *Ashburn* v. *Miller*, 161 Cal.App.2d 71, and authorities cited therein in footnote on page 83 [326 P.2d 229].)

The judgment is affirmed.

Herndon, J., and Wright, J., concurred.