Filed 7/10/13  Henderson Prospect Partners v. Apple Annie's Porterville CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HENDERSON PROSPECT PARTNERS, L.P., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> APPLE ANNIE'S PORTERVILLE, INC. et al., <br><br> Defendants and Respondents. | F064203 <br><br> (Super. Ct. No. 10-235927) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Paul A. Vortmann, Judge.

Caswell, Bell & Hillison, Robert K. Hillison and Kimberly L. Mayhew for Plaintiff and Appellant.

Horswill, Mederos & Soares and Joseph F. Soares for Defendants and Respondents.

-ooOoo-

Appellant Henderson Prospect Partners, L.P., challenges the trial court's ruling that respondents, C. Mark Anderson and Charles Zandberg, were not personally liable for

performance of a lease entered into by appellant and Apple Annie's of Porterville, Inc., a corporate tenant. This lease was signed by four individuals on behalf of Apple Annie's, William T. Brown, as president, Paul D. Beilstein, as secretary, and Anderson and Zandberg. Because Anderson and Zandberg did not identify themselves as agents of the corporation, appellant contends that they are personally liable under the lease. Appellant further argues that the lease is unambiguous and therefore the trial court erred in admitting extrinsic evidence regarding Anderson's and Zandberg's capacity.

Contrary to appellant's position, the signatures on the lease were ambiguous. Therefore, the extrinsic evidence was admissible. Further, the trial court's finding that Anderson and Zandberg signed the lease on behalf of the corporation is supported by substantial evidence. Accordingly, the judgment will be affirmed.

## BACKGROUND

In 2002, William Brown, the owner and operator of Apple Annie's Restaurant in Tulare, contacted appellant's general partner, David Paynter, regarding restaurant space in Porterville. The two eventually reached an oral agreement. Thereafter, Brown formed Apple Annie's of Porterville, Inc. (Apple Annie's), to enter into a lease with appellant. The corporate directors were Brown, Paul Beilstein, Anderson, Zandberg and Jose Perdamo.

A lease agreement "by and between Henderson-Prospect Partners, L.P., a California limited partnership ('Landlord'), and Apple Annie's Porterville, Inc. ('Tenant')" was prepared by David Paynter's wife, Robyn Paynter. The signature block on the lease designates the landlord as Henderson-Prospect Partners, L.P. with a signature line below for David H. Paynter, general partner. The tenant is identified as Apple Annie's Porterville, Inc. with signature lines below set out in two columns. Directly below are signature lines for Brown and Beilstein and below and to the right are signature lines for Anderson and Zandberg. Under the signature block the lease states:

2.

"If Tenant shall be a <u>CORPORATION</u>, the authorized officers must sign on behalf of the Corporation and indicate the capacity in which they are signing. This Lease must be executed by the president or Vice-President <u>and</u> the Secretary or Assistant Secretary <u>unless</u> the Bylaws, or a resolution of the Board of Directors, shall otherwise provide, in which event the Bylaws or a certified copy of the resolution, as the case may be, must be attached to this Lease. <u>ALSO</u>, the appropriate corporate seal must be affixed."

Robyn Paynter sent the lease to Brown for signature. Brown signed the lease and forwarded it to Anderson, Beilstein and Zandberg, with instructions that the last of them to sign was to send the lease back to appellant. Handwritten after Brown's name was "President" and handwritten after Beilstein's name was "Secretary."

The lease also had an addendum setting forth additional terms of the tenancy. The addendum was signed by the same individuals who signed the lease but the signatures on behalf of Apple Annie's did not indicate the capacity of Brown and Beilstein as president and secretary.

Before the executed lease was returned to appellant, Robyn Paynter prepared a document that revised portions of appellant's standard lease form. These proposed modifications reflected minor changes to the lease that did not affect the economic terms. This modification did not include the first page of the lease setting forth the fundamental lease provision, the addendum or the exhibits. It did, however, include the same signature block. Robyn Paynter instructed Brown to make the revisions to the lease that he already had in his possession and return it for final signature by appellant.

Because Brown had already forwarded the lease to the others for signature, he called Robyn Paynter and asked what he should do. Robyn Paynter told Brown to go ahead and sign the modification and return it. Brown testified that, when he asked for clarification as to signatures, Robyn Paynter indicated that, because Apple Annie's was a corporation, only the president and secretary were required to sign.

After receiving the executed lease from Apple Annie's, David Paynter signed the lease on behalf of appellant on November 15, 2002. The trial court found that the

3.

proposed modified lease, which was signed only by Brown and Beilstein, was also returned to appellant. However, appellant never executed this proposed lease.

In November 2008, Apple Annie's breached the lease. Appellant filed a complaint seeking damages from Apple Annie's, Anderson and Zandberg. Appellant alleged that Anderson and Zandberg were personally liable on the lease.

Following a court trial, the court ruled in favor of appellant against Apple Annie's. However, the court also found in favor of Anderson and Zandberg. The court concluded that Anderson and Zandberg signed the lease as agents for Apple Annie's and therefore were not personally liable for breach of that lease. In reaching this decision, the court determined that the signature block was uncertain and thus admitted parol evidence to interpret the lease.

## DISCUSSION

The issue in this case is whether the trial court correctly interpreted the lease to find that Anderson and Zandberg were not personally liable for breach and, in making this finding, properly admitted parol evidence.

### 1. *Standard of Review.*

The precise meaning of a lease depends on the parties' expressed intent, using an objective standard. (*Golden West Baseball Co. v. City of Anaheim* (1994) 25 Cal.App.4th 11, 21.) If the lease is ambiguous, parol or extrinsic evidence is admissible to ascertain this intent. (*WYDA Associates v. Merner* (1996) 42 Cal.App.4th 1702, 1710 (*WYDA Associates*).)

In deciding whether to admit parol evidence, the court engages in a two-step process. (*Appleton v. Waessil* (1994) 27 Cal.App.4th 551, 554.) The court first reviews the proffered material regarding the parties' intentions to determine "'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party. If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in

4.

the second step—interpreting the contract." (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165 (*Winet*).)

The trial court's ruling on whether an ambiguity exists is a question of law and thus is subject to independent review. The trial court's construction of the ambiguity is also a question of law if either no parol evidence is admitted or the parol evidence is not in conflict. (*WYDA Associates, supra,* 42 Cal.App.4th at p. 1710.) However, when the parol evidence is in conflict, any reasonable construction of the writing will be upheld as long as it is supported by substantial evidence. (*Winet, supra,* 4 Cal.App.4th at p. 1166.)

**2.** ***The trial court properly admitted parol evidence.***

In general, an officer or director of a corporation who signs a contract in his or her own name, without qualification and without disclosing the existence of the corporation, is personally liable on such contract. (*Otis Elevator Co. v. Berry* (1938) 28 Cal.App.2d 430, 432 (*Otis Elevator*); *Carlesimo v. Schwebel* (1948) 87 Cal.App.2d 482, 486 (*Carlesimo*).) In this situation, extrinsic evidence is not admissible to prove that the officer or director acted solely as agent and was not a party to the contract. (*Otis Elevator, supra,* 28 Cal.App.2d at p. 432.) "'When one makes a written contract, intending to act therein as the agent of another, and to bind his principal, it is necessary that it should appear in the contract itself, that he acts as such agent.'" (*Sayre v. Nichols* (1857) 7 Cal. 535, 539.)

However, where the contract itself contains some phrase or provision that shows that an agent, who has signed his or her own name unqualifiedly, was acting in a representative capacity, the agent may introduce extrinsic evidence to show that he or she is not a party to the contract. (*Carlesimo, supra,* 87 Cal.App.2d at p. 487.) This situation may arise based on the arrangement of names on the contract. (*Id.* at p. 489.) For example, where the document discloses that the corporation is a party to the contract and where the unqualified signature of the agent is directly below the corporate name, it would appear that the agent was signing for the corporation. At a minimum, the

5.

signature is ambiguous and therefore parol evidence is admissible to explain it. (*Id*. at p. 488.)

Here, it is clear from the lease that Apple Annie's was a party. Apple Annie's is identified as the tenant. The only other party named in the lease is appellant. Further, the arrangement of the names on the lease indicates that the individuals, including Anderson and Zandberg, were signing for Apple Annie's. The four signature lines are below "Apple Annie's Porterville, Inc." Although the signature lines for Anderson and Zandberg are below and to the right of the corporate name instead of directly below, that placement does not, in and of itself, demonstrate that Anderson and Zandberg were parties to the lease. Rather, at the very least, these signatures are ambiguous. Accordingly, the trial court properly admitted parol evidence.[1]

### 3. *Substantial evidence supports the trial court's finding that Anderson and Zandberg are not personally liable under the lease.*

As noted above, the parties' *expressed* intent determines the meaning of a lease. David Paynter testified that it was his intent, on behalf of appellant, that all four individuals who signed the lease would be personally liable. Both Anderson and Zandberg testified that they believed they were signing the lease on behalf of the corporation. However, David Paynter had no contact with either Anderson or Zandberg. Moreover, based on Apple Annie's being the sole tenant under the lease and the signatures of the four individuals being below the corporate name, the lease itself is unclear on this issue. There is nothing expressed in the body of the lease indicating the intent to bind any party other than Apple Annie's. Accordingly, the undisclosed intents

---

[1] Appellant contends that the trial court erred by not engaging in the two-step process, i.e., reviewing the proffered evidence of the parties' intent before admitting the parol evidence. However, the trial court concluded the lease was ambiguous on its face with regard to Anderson and Zandberg's capacity. Therefore, this two-step process was unnecessary.

testified to by Paynter, Anderson and Zandberg are not determinative. (*Roden v. Bergen Brunswig Corp.* (2003) 107 Cal.App.4th 620, 629.)

When Robyn Paynter drafted the lease on behalf of appellant, she did not include the corporate capacities for the individuals she listed under Apple Annie's Porterville, Inc. However, it is clear from the lease that the corporation was the contracting party. Further, the lease requires that, if the tenant is a corporation, the authorized officers must sign on behalf of the corporation and indicate the capacity in which they are signing. Thus, Brown and Beilstein hand wrote their corporate capacities of president and secretary.

It is unclear from the face of the lease why Anderson and Zandberg were included in the signature block. Only two signatures were required to bind Apple Annie's. Thus, Anderson and Zandberg's signatures were included either to hold them personally liable, as asserted by appellant, or they were merely surplusage. To answer this question, the trial court looked to the circumstances surrounding the proposed lease modification.

As outlined above, before the lease was fully executed, Robyn Paynter prepared a document that revised portions of appellant's standard lease form. Although this modification did not include the first page of the lease setting forth the fundamental lease provision, the addendum or the exhibits, it did include the body of the lease and the same signature block. When Brown received the modification and called Robyn Paynter for instructions, she told him to sign the modification and return it. Brown testified that, when he asked for clarification as to signatures, Robyn Paynter indicated that, because Apple Annie's was a corporation, only the president and secretary were required to sign. Thus, Brown returned the proposed modified lease to appellant without Anderson and Zandberg's signatures. Robyn Paynter testified that she did not recall this conversation with Brown.

Although appellant never executed the proposed modified lease and thus it did not supersede the original lease, it can be reasonably inferred that Robyn Paynter, on behalf

of appellant, intended the proposed modification to become the operative lease.  Further, while Robyn Paynter did not recall instructing Brown that only the president and secretary were required to sign the lease, the court found Brown's testimony in this regard was credible.  The fact that Anderson and Zandberg's signatures were not required on the proposed modified lease supports the trial court's finding that there was no intent to hold Anderson and Zandberg personally liable.

In sum, considering that the corporation is the only tenant under the lease, the signatures for the tenant are below the corporate name, and appellant did not require Anderson and Zandberg's signatures on the proposed modified lease, the trial court's construction of the lease is both reasonable and supported by substantial evidence.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

_____
LEVY, J.

WE CONCUR:


_____
WISEMAN, Acting P.J.


_____
DETJEN, J.

8.