[Civ. No. 8490.   Second Appellate District, Division One.—February 18, 1935.]

NELLIE A. JANES, Respondent, v. WALTER E. EDWARDS, Appellant.

Charles Schusterman, Harriet W. Pugh and Joseph J. Jonesi for Appellant.

J. E. Manning and Russell Graham for Respondent.

YORK, J.—This is an appeal from a judgment rendered against a son for the support and maintenance of his mother, the respondent herein.

Defendant's appeal is based principally upon two contentions: (1) that the evidence is insufficient to sustain the finding that the respondent is a poor person within the contemplation of section 206 of the Civil Code; and (2) that the evidence is insufficient to sustain the finding that the respondent is not able to maintain herself by work.

That portion of section 206, *supra*, affecting the cause of action here is as follows: " . . . It is the duty of the father,

the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability.''

Some of the evidence as to the ability of the mother to support herself is uncertain, but there was introduced sufficient evidence to enable the trial court to make its finding that ''the said plaintiff is a poor person and is unable to maintain herself by work''.

It is true that the plaintiff had real estate, which was subject to a mortgage at the time of the hearing, and that three payments on the principal of this mortgage were past due; that the taxes were about due, and she testified that she had no money to pay them. It is also true that some income was derived from the property, but the *gross* income, *if* all of the property was rented, would have been barely enough to support her. It was also shown that she was unable to obtain work at the time of the hearing. Section 206, *supra*, does not require that a mother in order to obtain support must be absolutely destitute.

The findings are sufficient to sustain the judgment. The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.