[Civ. Nos. 27427, 27523.   Second Dist., Div. Two.   April 28, 1964.]

RISTO P. RADICH, Plaintiff and Respondent, v. LEPA J. KRULY, Defendant and Appellant.

(Two Cases)

Lemaire & Mohi and Cy H. Lemaire for Defendant and Appellant.

Robert K. Garst and Arthur S. Loveland for Plaintiff and Respondent.

ROTH, J.—Respondent sued his daughter for support and maintenance under Civil Code, section 206.[1] The trial court found that respondent is a poor person who is unable to maintain himself by work, who has no substantial assets, no income except $135 per month old age benefits "which were terminated when . . . defendant [appellant] . . . agreed to pay $150.00 per month for . . . plaintiff until the trial of this action." That appellant is able to support and maintain respondent; that respondent was without funds to prosecute the action; and that "[t]he plaintiff, in the performance and non-performance of his duties as a father of the defendant, has at times in the past neglected to support and to maintain the defendant during her minority while he had the ability to do so, . . . The plaintiff has physically abused defendant and has caused her mental distress, and has falsely circulated that she was unchaste at the time of her marriage. . . . During the minority of defendant plaintiff often required defendant to work in the fields and orchards . . ., so that her entry into school was delayed, although plaintiff had the physical ability to support the defendant and arrange for her timely entry into school."

The trial court concluded however, in spite of its findings of the conduct of respondent during appellant's minority set out above, that the only defense appellant could make against this action was that permitted by section 206.5, to wit: abandonment for a minimum period of two years before a child reaches the age of 18. Accordingly, the trial court rendered judgment against appellant in the sum of $300 per month support money and for $1,000 as a reasonable amount to cover respondent's legal costs and expenses.

Appellant appealed from this judgment.

Subsequent to this appeal respondent moved for support, maintenance and expense money pending appeal. Respondent asked for "reasonable financial support and maintenance," and expense money. The court granted this motion ordering the appellant to pay forthwith to the respondent $500 a month pending appeal and $1,000 expense money on appeal.

Appellant appealed from said order made pendente lite. Both appeals have been consolidated for purposes of this opinion.

---

[1]"It is the duty of . . . the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability."

Appellant urges that this proceeding is an equitable action and that the evidence shows and the trial court in effect found that respondent comes into court with unclean hands.

Section 206.5 of the Civil Code indicates and the trial court held that abandonment is the only defense to an action by a parent against a child under section 206.

Section 206 appears to be a codification of a principle of equity, and a suit in equity appears to be the means of enforcing rights under section 206. (*Paxton* v. *Paxton*, 150 Cal. 667 [89 P. 1083].) In *Paxton*, it was held (at p. 672) "that the duty and right established by section 206 of the Civil Code may be enforced by an action in equity like the one at bar, and that in such action a court of equity has full jurisdiction to pronounce a judgment . . . ."

The fact that a court of equity is the proper court for the enforcement of section 206, however, does not necessarily dictate the conclusion that the doctrine of clean hands is a complete defense. It is well settled that public policy may favor the nonapplication of the doctrine as well as its application. (*Dominguez* v. *Dominguez*, 136 Cal.App.2d 17 [288 P.2d 195].)

There can be no doubt that the state is an interested party in an action under section 206 since the public is relieved of the burden of support by such action. (*Duffy* v. *Yordi*, 149 Cal. 140 [84 P. 838, 117 Am.St.Rep. 125, 9 Ann. Cas. 1017, 4 L.R.A. N.S. 1159]; *Woolams* v. *Woolams*, 115 Cal.App.2d 1 [251 P.2d 392]; *Britton* v. *Steinberg*, 208 Cal. App.2d 358 [24 Cal.Rptr. 831].) When the state is an interested party and application of the doctrine would defeat the state's interest, the application of the doctrine, although for the protection of the integrity of the court, is not legally imperative. (*Katz* v. *Karlsson*, 84 Cal.App.2d 469 [191 P.2d 541].)

The duty and rights established by section 206 were nonexistent at common law. They were created by legislative mandate as a codification of a moral right, and primarily as a relief to the public. Since the only defense provided by the Legislature is that of abandonment during the minority of a child found in section 206.5, this court is not disposed to subvert the public policy established by section 206 and section 206.5, by holding that the doctrine of unclean hands is a complete defense to an action brought under section 206. (Cf. *Mendelsohn* v. *Mendelsohn*, 192 Misc. 1014 [80

N.Y.S.2d 913]; *Ketcham* v. *Ketcham*, 176 Misc. 903 [29 N.Y.S.2d 773]; 70 C.J.S. 112.)

■ However, while we are not disposed to accept the doctrine of unclean hands as a complete defense to a suit under Civil Code, section 206, in our opinion the prior conduct of a parent is a relevant factor in determining the standard of support owed by a child to a parent.

■ A child who has the means, has a legal duty to relieve the public of the burden of support of an indigent parent. When, however, the findings of the trial court are such as to warrant a conclusion of unclean hands as is the situation in the case at bar, it seems to us that a child has no moral or equitable obligation of support, and that the obligation is purely legal and statutory.

■ When, therefore, there is a finding of fact which amounts to unclean hands, the guidelines set out in sections 241-254 of the Civil Code insofar as they fix the obligations of a child to a parent, are modified by the doctrine of unclean hands. ■ When unclean hands are found to exist, the obligation of support of a child to a parent should be limited to a sum which will take care of the minimum needs of the parent and yet will be as close to a sum as will be equal to the amount which, when advanced by the state, can be recovered by the state from the child.

There undoubtedly are many factual situations in which a parent, without abandoning a child for the period fixed by statute, may have so abused and neglected the child, as to warrant only minimum consideration from a child or anyone else. A court of equity should not place a premium upon parental abuse and neglect. A child, neglected or abused during minority, may by marriage or otherwise, attain a status of power and wealth. Love, respect, loyalty, devotion and the natural and inevitable desire of a child to recompense a parent for the love, service, support and sacrifice usually lavished by a parent upon a child, cannot be legislated nor should the law force a child to make recompense for an assumed standard of upbringing, when a trial court finds on credible evidence that it never existed.

■ In our opinion, the application and enforcement of the statute is governed by timeworn and accepted principles of equity.

The trial court made no specific findings as to respondent's actual needs except that "$300.00 per month is reasonable

and adequate for the support and care of the plaintiff'' and that ''[P]laintiff could and should be able to pay for all expenses of his support and maintenance from the monthly payments of $300.00 and *should accumulate by saving sufficient sums to meet any extraordinary medical* attention he should likely require.'' (Italics added.) By its terms the latter finding was in excess of respondent's minimum needs and the record contains no finding as to what are respondent's needs.

There is no merit in appellant's contention that she has no present ability to pay the amount ordered by the court. There was substantial evidence to support a finding that appellant has the ability to pay.

Appellant next contends that the trial court lacked jurisdiction to make an award of attorney's fees either at the time of judgment or as part of the pendente lite order. Appellant twice before has raised this point and the same has been decided against her. (*Kruly* v. *Superior Court,* 216 Cal.App.2d 589 [31 Cal.Rptr. 122].)

Finally, appellant contends that it was an abuse of discretion for the trial court to order pendente lite support in a greater amount than that required by the judgment.

Respondent's motion for support pending appeal asked for ''reasonable financial support and maintenance.'' His affidavit in support of the motion averred that he is unable to work and needed funds to buy his necessary medicines and pay his doctor's bills and that he could not support himself on anything less than the $300 per month ordered by the judgment. Therefore, he prayed for $300 per month temporary support and $1,000 for expenses on appeal. The order ''pending appeal'' was in the amount of $500 per month.

Respondent's needs were fixed by the trial court in its original judgment at $300 per month. It has been pointed out that there is no finding of what respondent's actual needs were and what specific sum is necessary to take care of respondent. Respondent's affidavit in support of his request for money pending appeal sets out $300 as reasonable. There is no showing indicating that it took more money to take care of respondent pending an appeal than it would to take care of him if there were no appeal.

The judgment and order are affirmed insofar as each allows attorney's fees and expenses. Each is reversed in all other respects and the cause is remanded with directions to

the trial court that it take evidence of respondent's minimum needs and fix a sum for respondent's monthly support in accordance with this opinion.

Herndon, Acting P. J., and Kincaid, J. pro tem.,* concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.