[Civ. No. 28492.   Second Dist., Div. Four.   Mar. 18, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. UNITED BONDING INSURANCE COMPANY, Defendant and Appellant.

Zide & Zide, Thomas Zide and Leo H. Zide for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

KINGSLEY, J. — ▮▮▮ Albert James Brown was charged with grand theft; appellant United Bonding Insurance Company posted a bail bond in his behalf, in the amount of $2,625. When the case was called for trial on March 10, 1964, neither Brown nor his counsel was present and the bond was forfeited. Some time between March 10, 1964, and April 1, 1964, Brown was apprehended by police officers.[1] On April 3, 1964, the bonding company moved, under section 1305 of the Penal Code, to vacate the forfeiture, supporting its motion by

---

[1]The time or manner of arrest, and the officers accomplishing it, are not stated in the record before us, although the fact that Brown was recaptured by public officers and not by the bonding company was assumed as true at the hearing. We deduce the possible date of apprehension from the fact that the notice of motion was dated as of April 1, 1964.

two declarations.[2] One, executed by an attorney-in-fact for the bonding company, avers that "the cause or reason for the said forfeiture was without the knowledge, consent, connivance or collusion" of the bonding company or any of its agents or representatives. The other declaration was executed by Brown. It sets forth his reason for nonappearance, and affirmatively avers that his nonappearance "was without the knowledge or consent of the bail."

The trial court peremptorily denied the motion; the bonding company has appealed.

Counsel for respondent concedes that, since the 1963 amendment to section 1305,[3] it is a mandatory duty of a trial court when, as here, the bail relies on the second sentence of that section, to grant relief from forfeiture when either of the conditions[4] set forth in that sentence is shown to exist.[5] How-

---

[2]Neither declaration is dated; neither declaration indicates where it was executed. Since, under section 2015.5 of the Code of Civil Procedure, such a declaration may be used in place of an affidavit only where it sets forth "the date and place of execution within this state," the supporting papers were clearly insufficient. However, no objection on that ground was made in the trial court and (70 days still remaining within which to move to vacate the forfeiture) it could easily have been cured. We deem the point waived.

[3]Section 1305 was again amended in 1965 (Cal. Stats. 1965, ch. 206 and ch. 1926), in particulars not herein significant.

At the time of the proceedings herein involved, the section read as follows: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond. But if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within said 90 days after such entry in the minutes, it be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

[4]Either "satisfactorily excuse the defendant's neglect" or "show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail."

[5]We do not here attempt to construe the third sentence of section 1305.

ever, he points out that the grant of relief is to be made "on such terms as may be just." He then urges that, although the bail is entitled to have the forfeiture discharged whether or not the recapture was by its efforts, the fact that public monies were expended in apprehending the defaulting defendant should be taken into consideration in fixing such terms. In the case at bench, it is clear that the trial court did not attempt to exercise its statutory discretion as to just terms; we are not inclined to rule on the permissible extent of a discretion not yet exercised.

The order is reversed and the matter is remanded with directions to grant the motion to discharge the forfeiture on such terms as, after hearing and on appropriate evidence, the trial court, in the exercise of its sound judicial discretion, shall find to be just.

Files, P. J., and Jefferson, J., concurred.