21753

Melanie S. KERR, Respondent, v. George W. KERR, Appellant.

(293 S. E. (2d) 704)

*Amick Law Firm*, Lexington, *for appellant.*

*Ham & Richardson*, Columbia, *for respondent.*

July 7, 1982.

LITTLEJOHN, Justice:

Respondent, Melanie S. Kerr, now more than eighteen years of age, brought this action seeking to require her father, George W. Kerr, to pay for her college educational expenses. By a prior Order of the Family Court, the father was required to pay a monthly amount as child support until she became eighteen years old. At the time this action was instituted, she was no longer receiving support payments from her father.

The daughter enrolled as a student in August of 1979, at Coastal Carolina. After one full semester of college, she filed this action.

The father, in answering the Complaint, alleged that the daughter was a competent adult, emancipated, *sui juris,* and that the circumstances did not require the payment of any support by him to the daughter.

The Family Court issued its Order requiring the father to contribute toward her college expenses. He was required to pay an amount to cover the cost of tuition, books and supplies. This was approximately $415 per semester, but not to exceed $1,440 annually.

Although the father's brief states three issues, we are of the opinion that the heart of all these issues is stated in the daughter's brief:

> Does the preponderance of the evidence support the trial judge's finding that the appellant should contribute to

the college education of his daughter in the modest amounts ordered?

This Court, in *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979) upheld an Order that required the parent to contribute to the college expenses of his nineteen-year old emancipated daughter. In reaching this decision, we stated that the Family Court Act "allows the Family Court to make orders running past a child's majority where there are physical or mental disabilities of the child *or other exceptional circumstances* that warrant it," ... (Emphasis added.) § 14-21-810(b)(4), *Code of Laws of South Carolina* (1976).

In addressing the "other exceptional circumstances," we recognized that the need for education is "the most likely additional exceptional circumstance which might justify continued financial support." *Risinger, supra.*

This Court has not attempted to list all circumstances under which such an order might be appropriate. That determination must be left in large part to our Family Court judges. Such an order is appropriate when, as stated in *Risinger,* there is evidence that:

> (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for such an education.

We find that there is the requisite evidence in this case to support the lower court's order. Counsel for the father concedes that most anyone would benefit from a higher education. The daughter in this case has not shown scholarly ability but has made overall passing and satisfactory grades.

The daughter asserts that she cannot otherwise go to school without her father's assistance. She has apparently been able to go to school prior to this action and during the pendency of its appeal through a combination of activities on her part. The daughter has been living on her mother's monthly $456 disability check. They have been sharing the same living quarters and expenses. The daughter has worked parttime and has received some tuition grants. These facts and others con-

tained in the record support the lower court's finding that the daughter's "obtaining a college education is in great jeopardy because of the lack of money."

The father asserted that he did not have the financial ability to help pay for such an education. He testified that since he had remarried, he and his second wife had spent more money each year than they had earned. These "deficits" were possible by reason of gifts from his new wife's parents.

It is apparent from the record that his opposition to the support payments was not based on financial considerations solely. On cross-examination, he stated:

> Q. Well, you can't deny that according to the record here which has been established of your financial declaration and your examination?
>
> A. That's the past, I can make one statement: That if I have to support a child by a previous marriage into a college, I promise you there will be no gifts. There will be no deficits made up, that this ship will sink, because my mother-in-law will not pay for college tuition for a child by a previous marriage.

Emancipated children who no longer have the benefit of a conventional home, while attempting to further their education, have a severely restricted ability to earn adequate amounts to provide their own education during this crucial period. Exceptional circumstances were present, such as to warrant the mandate of the lower court.

At oral argument before this Court, counsel for the father attempted to raise a constitutional issue not submitted to the lower court. Since the argument was not raised at the trial level, it may not now be raised in this Court for the first time on appeal.

The decree of the lower court is affirmed and the case is remanded for the purpose of carrying out the mandate of the Family Court.

Affirmed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.