[No. F003515. Fifth Dist. June 10, 1985.]

RONALD W. REBENSDORF II, Plaintiff and Appellant, v.
RONALD W. REBENSDORF, Defendant and Respondent.

**COUNSEL**

Sandell, Young & St. Louis, Paul R. Hager and Charles Wieland for Plaintiff and Appellant.

Gerald Thuesen for Defendant and Respondent.

**OPINION**

**HANSON (P. D.), J.**—The plaintiff, Ronald W. Rebensdorf II, brought an action against his father, Ronald W. Rebensdorf, seeking maintenance and support until he was graduated from high school.

Plaintiff's mother and the defendant were divorced when plaintiff was 10 years old. Plaintiff's mother received physical custody of the child. The judgment required defendant to support and maintain the plaintiff "until said minor attains the age of majority, marries, becomes self-supporting or until further order of a court of competent jurisdiction." Defendant made month-

ly payments of $180 until June of 1983. Plaintiff became 18 years old on May 24, 1983, when he was in his third year in high school.

Plaintiff repeated his first year in elementary school because of several moves made by the family. He therefore reached his majority one year before completing high school. Plaintiff earned between $30 and $40 a week from part-time jobs while in high school.

In his amended complaint, plaintiff claims: "Until such time as plaintiff is able to graduate from high school, he shall remain dependent upon his parents for his support, maintenance and education, in that he is a needy person unable and incapable of providing for himself by work."

The court granted defendant's motion for summary judgment finding "no triable issues of fact exist and the legal question is whether plaintiff is 'incapacitated' within the meaning of Civil Code Section 241(d). The Court finds that he is not so 'incapacitated'."

During the pendency of plaintiff's appeal, he was graduated from high school.

DISCUSSION

I

Defendant moved to dismiss the appeal, claiming the matter moot as plaintiff had completed high school.[1] We denied the motion summarily at that time, but such a denial is not a conclusive denial on the merits. (*People v. Medina* (1972) 6 Cal.3d 484, 493 [99 Cal.Rptr. 630, 492 P.2d 686].) We decline now to dismiss the appeal as moot. The question is of general public interest and it is likely to reoccur. If plaintiff is successful, he will be entitled to a trial on the merits and may recover the sums sought. A ruling would not be an abstract pronouncement of law. (*District Election etc. Committee* v. *O'Connor* (1978) 78 Cal.App.3d 261, 265-266 [144 Cal.Rptr. 442].)

II

Plaintiff sought financial aid from his father until he completed high school. Defendant made support payments pursuant to the divorce judgment until plaintiff reached his majority. Plaintiff claims in his complaint that notwithstanding the language of the divorce judgment his parents in-

---

[1]The defendant filed no respondent's brief.

tended that his support continue until he completed high school. He did not seek a modification of the judgment or base his claim upon a breach of contract. (See *In re Marriage of Pilcher* (1975) 51 Cal.App.3d 142 [123 Cal.Rptr. 868].) Rather, plaintiff sought relief under several sections of the Civil Code.[2]

Section 196 requires: "The father and mother of a child have an equal responsibility to support and educate their child in the manner suitable to the child's circumstances, taking into consideration the respective earnings or earning capacities of the parents."

Section 206 provides in pertinent part: "It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability."

Section 242 at the time of trial read: "Every individual shall support his or her spouse and child, and shall support his or her parent when in need. The duty imposed by this section shall be subject to the provisions of Sections 196, 206, 246, 4700, 4801, 5131, and 5132."[3]

Section 241, subdivision (d), part of the Uniform Civil Liability for Support Act which includes section 242, defines "child" as "a son or daughter under the age of 18 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means."

The court, in granting summary judgment, found "no triable issues of fact exist and the legal question is whether plaintiff is 'incapacitated' within the meaning of Civil Code Section 241(d). The Court finds that he is not so 'incapacitated'."

---

[2]All statutory references are to the Civil Code unless otherwise indicated.

[3]The section, operative as of July 1, 1984, was amended to read: "Every individual shall support his or her spouse and child, and shall support his or her parent when in need. The duty imposed by this section shall be subject to the provisions of Sections 196, 206, 246, 4700, 4700.1, 4700.5, 4700.7, 4700.9, 4801, 5131, and 5132." Beginning July 1, 1985, the section will provide: "Every individual shall support his or her spouse and child, and shall support his or her parent when in need. The duty imposed by this section shall be subject to the provisions of Chapter 2 (commencing with Section 4720) of Title 5 of Part 5 of Division 4 and Sections 196, 206, 246, 4700, 4700.1, 4700.5, 4700.7, 4700.9, 4801, 5131, and 5132."

 ██ ██ While it is unclear whether section 196, by itself, would support an independent cause of action,[4] sections 206 and 242 support separate and distinct causes of action. (*Kruly* v. *Superior Court* (1963) 216 Cal.App.2d 589, 593 [31 Cal.Rptr. 122]; 4 Markey, Cal. Family Law Practice and Procedure (1984) Duty of Parent to Support Indigent Adult Child, § 61.20.)

The court, in its minute order granting summary judgment, decided that as a matter of law plaintiff was not entitled to relief under section 242, but failed to mention section 206. The entire complaint was dismissed following the summary judgment. We assume, in its silence, the court also found that as a matter of law plaintiff was not entitled to relief under section 206. We disagree.

Section 206 imposes a legal duty on parents to support an adult child who is "in need" and "unable to maintain himself by work."

Here, plaintiff claimed he had not finished high school before reaching the age of majority because of the decision made by his parents to request that the school detain him two years in the first grade. This parental decision was the result of the family's several moves during the boy's first school year. Plaintiff contended that without the continued support of his father he could not afford to remain in school. He also alleged his father was financially able to support him.

These allegations raised triable issues of fact under section 206. ██ The inability to maintain oneself by work need not be the result of a permanent condition. (*Janes* v. *Edwards* (1935) 4 Cal.App.2d 611, 612 [41 P.2d 370].) The court retains the power to modify its award if circumstances change. (*Woolams* v. *Woolams* (1952) 115 Cal.App.2d 1, 7 [251 P.2d 392].)

██ We find nothing in the history or case law of section 206 which prevents the trial court in the exercise of its equitable jurisdiction and dis-

---

[4]Currently pending before the Legislature is a bill to add a new section to the Civil Code providing that the parental duty of support imposed under section 196 would continue for unmarried children, residing at home, who are making a good faith effort to obtain a high school education until the child completes the 12th grade or reaches age 19. (Assem. Bill No. 716 (1984-1985 Reg. Sess.).) While the concerns promoting the legislation have a bearing upon plaintiff's claim (see 1 Cal. Fam. L. Monthly (1985) *Proposal to Extend Parental Duty of Support*, p. 272), we note that historically the term "child" in section 196 has been construed to mean "minor child." (*In re Marriage of O'Connell* (1978) 80 Cal.App.3d 849, 855-856 [153 Cal.Rptr. 89, 2 A.L.R.4th 1135]; *Wilkins* v. *Wilkins* (1950) 95 Cal.App.2d 605, 607 [213 P.2d 748]; *Putman* v. *Putman* (1942) 51 Cal.App.2d 696, 699 [125 P.2d 525]; see also §§ 4351, 4700.)

cretion from granting relief in this instance. While no appellate decisions require such support, neither are there any cases giving the parents the right to terminate support at age 18 under these facts. When one considers the thousands of high school seniors who become 18 some months before graduation, this dearth of authority may be accounted for by the simple fact that most people assume such a parental obligation presently exists.

■ A claim under section 206 is addressed to the equitable powers of the court. (*Bryant* v. *Swoap* (1975) 48 Cal.App.3d 431, 438 [121 Cal.Rptr. 867]; *Radich* v. *Kruly* (1964) 226 Cal.App.2d 683, 686 [38 Cal.Rptr. 340].) The court possesses wide discretion in deciding whether relief is warranted and, if so, the scope of that relief. (*Gluckman* v. *Gaines* (1968) 266 Cal.App.2d 52, 55 [71 Cal.Rptr. 795].) ■ We do not hold that plaintiff is entitled to relief as a matter of law, but merely that he is not barred from relief as a matter of law. "In the case at bench, it is clear that the trial court did not attempt to exercise its statutory discretion as to just terms; we are not inclined to rule on the permissible extent of a discretion not yet exercised." (*People* v. *United Bonding Ins. Co.* (1966) 240 Cal.App.2d 895, 897 [50 Cal.Rptr. 198].)

At the hearing below, the trial court expressed concern that if it found a duty, such duty would be unlimited. "How long would this duty last, until he got through medical school, law school?" However, if, on remand, the court finds a duty under section 206 to support a plaintiff until he finishes high school, that decision will not necessarily open the floodgates in support of higher and postgraduate university education.

Although the state compels attendance at school until the age of 16, the state provides free education to all residents through the 12th grade. If a child has disabilities, the local entity is not relieved of its obligation to provide the education, but must make available special programs. The state has supported programs designed to prevent teenagers from dropping out of school, even though they have passed the compulsory age of attendance.

As the Supreme Court stated in *Plyler* v. *Doe* (1982) 457 U.S. 202, 221 [72 L.Ed.2d 786, 801-802, 102 S.Ct. 2382, 2397]: "Public education is not a 'right' granted to individuals by the Constitution. [Citation.] But neither is it merely some governmental 'benefit' indistinguishable from other forms of social welfare legislation. Both the importance of education in maintaining our basic institutions, and the lasting impact of its deprivation on the life of the child, mark the distinction. . . . In addition, education provides the basic tools by which individuals might lead economically productive lives to the benefit of us all. In sum, education has a fundamental role in maintaining the fabric of our society. We cannot ignore the significant social

costs borne by our Nation when select groups are denied the means to absorb the values and skills upon which our social order rests."

While the state supports many institutions of higher education, it also provides, through scholarships or guaranteed loans, money for those who are unable to attend for financial reasons.[5] No such financial aid is available for an adult child to pursue a diploma[6] at his high school.

These considerations emphasize the importance of a high school education, and differentiate it from a college education. A court, sitting in equity and in the exercise of its discretion, can distinguish between the need of a child to complete his high school curriculum and the desire of a child to attend college.

A favorable decision below would not require a parent to furnish every adult child of whatever age or circumstances with a high school education. Considerations such as full-time attendance, regular progress toward the diploma, and the reasons underlying the failure of the child to finish his schooling prior to reaching his majority play an important role in the court's determination of need. (See *Kerr* v. *Kerr* (1982) 278 S.C. 191 [293 S.E.2d 704, 705-706].)

Certainly, the granting of relief would not offend the policies underlying section 206. ■ The purpose of the section is to protect the public purse. ■ Viewing that economic purpose prospectively, as well as in retrospect (see *Gluckman* v. *Gaines, supra,* 266 Cal.App.2d at p. 60), the creation of a class of persons who are undereducated and ill-prepared to maintain themselves in our working society poses a serious threat of a long term drain upon public benefits.

The judgment is reversed.

Tuttle, J.,* concurred.

**FRANSON, Acting P. J.**—I respectfully dissent.

Although I agree with the desirability of providing a high school education to every person regardless of his or her age and strongly condemn any father

---

[5]Plaintiff here expressed a desire to go into a Reserve Officers Training Corps (ROTC) program at college which offers financial assistance in return for a promise of military duty.

[6]A student over 18 years may pursue a high school diploma at a community college. (Ed. Code, § 51420 et seq.; see also Ed. Code, § 51760.3 on work experience education and § 52512 on adult school.)

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

who would purposely deprive a son or daughter of a basic education by withholding support payments which would enable the child to complete high school, I submit the problem is for the Legislature and not the courts.

The Legislature has made its intent clear in the Uniform Civil Liability for Support Act (Civ. Code, § 241 et seq.). Civil Code section 241, subdivision (d) provides that "child" who is entitled to support under Civil Code section 242 means "a son or daughter under the age of 18 years and a son or daughter of whatever age who is *incapacitated* from earning a living and without sufficient means." (Italics added.) As the learned trial judge found, appellant was not "incapacitated" from earning a living because of his need to finish his high school education. He could have quit school and presumably gone to work.

The majority uses Civil Code section 206 to impose liability on respondent to support his son during his final year in high school. This statute provides in pertinent part, "It is the duty of the father, . . . of any person in need *who is unable to maintain himself by work,* to maintain such person to the extent of their ability. . . ." (Italics added.) The language is explicit and clear—before a person may impose an obligation of support on his father under section 206, he must show an inability to maintain himself "by work." This normally requires proof of a mental or physical handicap which prevents the person from being able to work (*Farber* v. *Olkon* (1953) 40 Cal.2d 503, 505 [254 P.2d 540] [mentally ill]; *Paxton* v. *Paxton* (1907) 150 Cal. 667, 669, 673 [89 P. 1083] [son invalid and blind; no details on daughter]; *Anderson* v. *Anderson* (1899) 124 Cal. 48, 55 [56 P. 630] [invalid daughter]; *Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 347 [53 Cal.Rptr. 790] [mentally disturbed son]; *In re Dudley* (1966) 239 Cal.App.2d 401, 402 [48 Cal.Rptr. 790] [mentally deficient daughter]; *Woolams* v. *Woolams* (1952) 115 Cal.App.2d 1, 2 [251 P.2d 392] [daughter paralyzed from polio]; *Tuller* v. *Superior Court* (1932) 215 Cal. 352, 354 [10 P.2d 43] [daughter "in danger of tuberculosis and was in immediate need of medical attention"]), or at least proof of inability to find a job due to factors beyond the person's control. The inability to work because the person wishes to complete his high school education, however commendable, simply will not suffice standing alone.

Judges may not construe a statute to ascertain the legislative intent behind the statute unless there is some ambiguity or uncertainty on the face of the statute. (58 Cal.Jur.3d, Statutes, § 84, pp. 434-435.) I find no ambiguity in Civil Code section 206. Attending high school by an 18-year-old is simply not a predicate for triggering a parent's support obligation. If it were, then what would prevent attendance at a community college or other school of higher learning from triggering a support obligation? That this was not the

legislative intent may be inferred from the pending legislation to add a new section to the Civil Code (§ 196.5) providing that the parental duty of support imposed under section 196 would continue for unmarried children, residing at home, who are making a good faith effort to obtain a high school education until the child completes the 12th grade or reaches age 19. (Assem. Bill No. 716 (1984-1985 Reg. Sess.).) Hopefully, the Legislature will recognize the harmful policy which exists under the current law and adopt the new statute.

I would affirm the judgment.