Karen **FREYER, Plaintiff and Appellee,**

v.

David **FREYER, Defendant and Appellant.**

Civ. No. 870322.

Supreme Court of North Dakota.

Aug. 16, 1988.

Ken R. Sorenson, of Vinje Law Firm, Bismarck, for plaintiff and appellee.

Thomas M. Tuntland, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

David Freyer appealed from an amended judgment increasing his child-support payment and extending his child-support obligation until each child graduates from high school. We affirm.

David and Karen Freyer were divorced in 1979. The parties entered into a property settlement and custody agreement which was incorporated into the divorce decree. The agreement and decree placed custody of the parties' two minor children with Karen and required David to pay child support of $200 per month for the first six months, $250 per month for the next six months, and $300 per month thereafter. Child support was to decrease to $200 per month when the parties' older child, David, Jr., turned eighteen.

On June 25, 1987, Karen moved for modification of the decree, seeking increased child support and an extension of the child-

support obligation beyond the children's eighteenth birthdays. David opposed the motion. The trial court found a material change in the parties' respective financial circumstances which warranted modification of the divorce judgment. The court ordered David to pay $400 per month until the older child graduated from high school, and then $300 per month until the younger child, Krista, turned eighteen or completed high school, whichever occurred later.

David in his appeal from the amended judgment asserts that the court had no statutory authority to award child support beyond the children's age of majority[1] and that the trial court erred in finding a material change in circumstances which warranted modification.

Section 14–05–24, N.D.C.C., provides that when a divorce is granted the court "may compel either of the parties to provide for the maintenance of the children of the marriage." Section 14–09–08, N.D.C.C., requires that parents "give their children support and education suitable to the child's circumstances." These statutes are amplified by Section 14–10–01, N.D.C.C., which provides that "[i]n this code, unless otherwise specified, the term 'child' shall mean 'minor.'" "Minor" is defined as a person under eighteen years of age. Section 14–10–01, N.D.C.C.

The import of these statutes is that a parent's duty to support his child will generally terminate at age eighteen. We have in the past, however, recognized exceptions to this general rule. For example, in *Klitzke v. Klitzke*, 308 N.W.2d 385 (N.D. 1981), we upheld a judgment awarding the custodial parent use of the family home for a period of ten years. Characterizing this as an award of "collateral" child support which extended four years beyond the child's age of majority, we stated that "we

---

[1]. This issue has been raised but not reached on two prior occasions in this court. In *Schnell v. Schnell*, 252 N.W.2d 14 (N.D.1977), the father was ordered to pay child support until each child reached age twenty-one or completed four years of college. Holding that the original unappealed judgment was res judicata as to the issue, this court did not consider the father's assertion that the district court lacked authority to order child support beyond the age of majority.

In *Christensen v. Christensen*, 397 N.W.2d 456 (N.D.1986), the wife asserted that child support should have been extended beyond the age of eighteen until the children completed high school. We held that because the issue had not been raised in the trial court it could not be raised for the first time on appeal.

know of no rule which requires that such collateral support be terminated when a child reaches the age of majority." *Klitzke v. Klitzke, supra,* 308 N.W.2d at 389–390. We did not acknowledge the statutory scheme in that case, nor did we consider whether "direct" child support could be extended beyond the age of majority.

In *Davis v. Davis,* 268 N.W.2d 769 (N.D. 1978), *overruled on other grounds, Nelson v. Trinity Medical Center,* 419 N.W.2d 886 (N.D.1988), the court upheld a trial court order requiring the noncustodial parent to set up a trust to provide funds for the college educations of his four children through age twenty-two. Without acknowledging the provisions of Section 14–10–01, N.D.C.C., the court held that requiring payment toward a child's college education through age twenty-two was proper under Section 14–05–24, N.D.C.C.

In *Wiedrich v. Wiedrich,* 179 N.W.2d 728 (N.D.1970), we construed Section 14–09–10, N.D.C.C., which provides:

> "*14–09–10. Reciprocal duty of support--Support of poor.* It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of the ability of such father, mother, or children. Such liability may be enforced by any person furnishing necessaries to such poor person. The promise of an adult son or daughter to pay for necessaries previously furnished to such parent is binding."

We relied upon that provision in upholding a divorce decree requiring a divorced father to provide support beyond the age of majority to his two mentally retarded sons:

> "Our law also makes it the duty of the father and the mother of any person unable to maintain himself to maintain such person. Sec. 14–09–10, N.D.C.C. Thus the parents of these boys are responsible for their care and support, even beyond the date when the boys reach their majority, if at that time these boys

are unable to support themselves as adults." *Wiedrich v. Wiedrich, supra,* 179 N.W.2d at 731.

Section 14–09–10 is derived from a nearly identical California statute,[2] and thus we may consider judicial interpretations of the California statute as an aid in construing our statute. See, e.g., *Federal Land Bank of St. Paul v. Bergquist,* 425 N.W.2d 360 (N.D.1988); *City of Fargo v. Case Development Co.,* 401 N.W.2d 529 (N.D.1987). In a case factually similar to this one, the California Court of Appeal extended application of the statute to a child who reached the age of majority before graduating from high school. *Rebensdorf v. Rebensdorf,* 169 Cal.App.3d 138, 215 Cal.Rptr. 76 (1985). The action sought continuation of child support until the child graduated from high school but the trial court granted summary judgment, holding that the father could not be required to provide support past the age of majority. The Court of Appeal reversed, holding that under appropriate circumstances child support could be extended:

> "The inability to maintain oneself by work need not be the result of a permanent condition.... The court retains the power to modify its award if circumstances change....
>
> "We find nothing in the history or case law of section 206 which prevents the trial court in the exercise of its equitable jurisdiction and discretion from granting relief in this instance. While no appellate decisions require such support, neither are there any cases giving the parents the right to terminate support at age 18 under these facts. When one considers the thousands of high school seniors who become 18 some months before graduation, this dearth of authority may be accounted for by the simple fact that most people assume such a parental obligation presently exists.
>
> "A claim under section 206 is addressed to the equitable powers of the court.... The court possesses wide dis-

2. Section 206 of the California Civil Code provides, in pertinent part:

"It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability...."

cretion in deciding whether relief is warranted and, if so, the scope of that relief.... We do not hold that plaintiff is entitled to relief as a matter of law, but merely that he is not barred from relief as a matter of law." *Rebensdorf v. Rebensdorf, supra,* 169 Cal.App.3d at 143–144, 215 Cal.Rptr. at 79. (Citations omitted.)

■ We believe Section 14–09–10 should be construed to require a similar result. As in California, our trial courts are vested with a great deal of discretion in matters of custody and in determining what is in the best interests of a child. *Gorsuch v. Gorsuch,* 392 N.W.2d 392 (N.D.1986); *Wiedrich v. Wiedrich, supra.* Under Section 14–09–10, a trial court may award child support beyond the age of majority if the child is unable to "maintain himself by work," and a child who has reached age eighteen but is still in high school may, under appropriate circumstances, be considered unable to maintain himself by work. In *Davis v. Davis, supra,* we noted the increased importance of a college degree in the current job market. Certainly today a high school education would be considered a virtual necessity for any success in the job market.

We conclude that there is statutory authority to award child support beyond age eighteen to a child who is still in high school, and the trial court did not err in doing so in this instance.[3]

David further asserts that the trial court erred in finding a material change of circumstances. He argues that because the original divorce decree was entered in accordance with the parties' stipulation the court should not have modified it.

■ Although we have stated that when a decree incorporates an agreement between the parties the court should be more reluctant to revise it, such a decree nevertheless can be modified upon a showing of a material change of circumstances. E.g., *Wheeler v. Wheeler,* 419 N.W.2d 923 (N.D.1988); *Eberhardt v. Eberhardt,* 301 N.W.2d 137 (N.D.1981). The determination that circumstances have materially changed warranting modification of the original decree is a finding of fact which will not be set aside on appeal unless clearly erroneous. *Wheeler v. Wheeler, supra.* We have thoroughly reviewed the record on appeal and we conclude that the trial court's findings that a material change of circumstances occurred as a result of an increase in the cost of living, Karen's indebtedness arising from medical expenses for herself and the children, and David's increase in income were not clearly erroneous.

The amended judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ.

**3.** Many States have attempted to resolve this issue legislatively. For example, Section 196.5 of the California Civil Code, enacted a few months after the *Rebensdorf* decision, provides that a parent's duty to provide support and education "shall continue to exist as to any unmarried child who has attained the age of 18, is a full-time high school student, and resides with a parent, until such time as he or she completes the 12th grade or attains the age of 19, whichever first occurs." Other States have passed similar legislation. See, e.g., Ill.Ann. Stat. ch. 40, ¶ 513 (court can order support for education of children beyond the age of majority); Hawaii Rev.Stat. § 580–47 (court can order support for education of an adult child); Minn. Stat.Ann. § 518.54(2) ("child" defined to include "an individual under age 20 who is still attending secondary school"); S.D.Codified Laws § 25–5–18.1 (parent has legal duty to support child "until the child attains the age of nineteen if he is a full-time student in a secondary school"); Wis.Stat.Ann. § 767.25(4) (court may order parent "to pay for the support of any child of the parties who is less than 19 years old and is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent").